UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X    Docket No. 1:11-cv-4321(LAK)
PROFESSIONAL OFFSHORE OPPORTUNITY            ECF
FUND, LTD., a company registered under the laws
of the British Virgin Islands,
          Plaintiff(s),    **ANSWER AND**
-against-    **AFFIRMATIVE**
                **DEFENSES**
HUIFENG BIO-PHARMACEUTICAL
TECHNOLOGY, INC., a Nevada corporation,    JURY TRIAL DEMANDED
          Defendant(s)
---------------------------------------------------------------X

  Defendant HUIFENG BIO-PHARMACEUTICAL TECHNOLOGY, INC. ("HFGB"), by its attorneys Bernard & Yam, LLP, submits this answer in response to plaintiff's Complaint, dated June 27, 2011(the "Complaint").  For its answer to the Complaint, it alleges as follows:

## INTRODUCTION

1.   Denies the allegations contained in paragraph 1 of the complaint, and refers all questions of law to the Court.

## PARTIES

2.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint, and refers all questions of law to the Court.

3.   Denies the allegations contained in paragraph 3 of the complaint, except admits that HFGB is a Nevada corporation with its principal place of business located at 16B/F Ruixin Road, Bldg. No. 25, Goaxin Road, Xi An 710075 Shaanxi Province, China and deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations contained in paragraph 4 of the complaint, and refer all questions of law to the Court.

## JURISDICTION AND VENUE

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint, and refers all questions of law to the Court.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, and refers all questions of law to the Court.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, and refers all questions of law to the Court.

## FACTS

7. Denies the allegations contained in paragraph 7 of the complaint, and refers all questions of law to the Court.

8. Denies the allegations contained in paragraph 8 of the complaint, and refers all questions of law to the Court.

9. Denies each and every allegation contained in paragraph 9 of the complaint, and refers all questions of law to the Court.

    a. Denies each and every allegation contained in paragraph 9a of the complaint, and refers all questions of law to the Court.

    b. Denies each and every allegation contained in paragraph 9b of the complaint, and refers all questions of law to the Court.

## **BREACH OF NOTE**

10. Denies each and every allegation contained in paragraph 10 of the complaint, and refers all questions of law to the Court.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint, and refers all questions of law to the Court.

12. Denies each and every allegation contained in paragraph 12 of the complaint, and refers all questions of law to the Court.

13. Denies each and every allegation contained in paragraph 13 of the complaint, and refers all questions of law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. Plaintiff's complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. Plaintiff's complaint is barred due to the doctrine of unclean hands.  Plaintiff was involved in misconduct and fraudulent misdeeds.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. Plaintiff's complaint is barred by the equitable doctrines of waiver, estoppel, ratification, mootness, and release, failure of consolidation, illegality and set off.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. Plaintiff's complaint if barred in whole or in part, by the doctrine of laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. Plaintiff is entitled to any relief the complaint is barred, in whole or in part, by the statute of frauds.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. Plaintiff does not own, hold or possess the original promissory note with any original signature on it. The plaintiff cannot produce the original promissory agreement.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. Defendant denies that any contract or contractual relationship existed between the parties that would give rise to the plaintiff's claims.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

21. The plaintiff has suffered no ascertainable loss.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

22. The defendant did not make nor did they breach any contract, covenant, warranty to the plaintiff, nor to any other persons under the control of the plaintiff.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

23. The plaintiff's claims are barred due to accord and satisfaction and illegality of action on its part.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

24. The contract between the parties is void and unenforceable because it is a contract of adhesion.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

25. Plaintiff has failed to adequately mitigate its damages that may have resulted from the defendant's actions.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

26. The amount demanded in the complaint is incorrect.

AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

27. The contract between the parties is void and unenforceable by virtue of unconscionability.

AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

28. Granting the relief which plaintiff seeks against the defendants would result in unjust enrichment to plaintiff.

AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

29. The answering defendant will rely upon any and all other further defenses which become available or warranted during discovery in this action and hereby specifically reserves the right to amend its answer for the purpose of asserting any such additional defenses.

**WHEREFORE,** defendant HFGB respectfully demands judgment:

a. dismissing the Complaint against HUIFENG BIO-PHARMACEUTICAL TECHNOLOGY, INC. with prejudice.

b. awarding HUIFENG BIO-PHARMACEUTICAL TECHNOLOGY, INC. its attorneys' fees, costs and disbursements of this action; and

c. such other and further relief as this Court deems necessary and just.

d. Defendant HUIFENG BIO-PHARMACEUTICAL TECHNOLOGY, INC. demands a jury trial of all issues.

Dated: New York, New York
       July 29, 2011

BERNARD & YAM, LLP

By: /s/ Man Yam
Man C. Yam (MY 6266)
401 Broadway, Suite 1708
New York, NY 10013
(212) 219-7783

STATE OF NEW YORK, COUNTY OF NEW YORK                                                ss:

I the undersigned, affirm under the penalties of perjury that: I am an attorney admitted to practice in the Courts of the State of New York, I am not a party to the action, am over 18 years of age and the attorney for HUIFENG BIO-PHARMACEUTICAL TECHNOLOGY, INC., defendant herein.

On July 29, 2011, I served the within ANSWER and AFFIRMATIVE DEFENSES and Rule 7.1 Corporate Disclosure Statement.

____    by depositing a true copy thereof in an envelope and sending it via UNITED STATES POSTAL SERVICE to the address set forth:

____    by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as a party within.

__X_    by ECF at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose.

____    by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

To:     Gretchen S. Silver (GS 1534)
        1290 Avenue of the Americas, 29 Fl.
        New York, NY 10104
        (212) 660-3000


Dated:  New York, New York
        July 29, 2011


                                                    /s/ Man Yam
                                                    Man Yam