UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PROFESSIONAL OFFSHORE OPPORTUNITY
FUND, LTD., a company registered under the laws
of the British Virgin Islands,
                              Plaintiff(s),

-against-

HUIFENG BIO-PHARMACEUTICAL
TECHNOLOGY, INC., a Nevada Corporation,
                              Defendant(s)
-------------------------------------------------------------X

Docket No. 1:11-cv-4321(LAK)
ECF

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE

/s/ Man Yam
Man Yam, Esq.
BERNARD & YAM
Attorney for Defendants
HUIFENG BIO-PHARMACEUTICAL TECHNOLOGY, INC.
401 Broadway
Suite 1708
New York, N.Y. 10013
Tel: (212) 219-7783

## PRELIMIMARY STATEMENT

Plaintiff PROFESSIONAL OFFSHORE OPPORTUNITY FUND, LTD., ("PROOF") a company registered under the laws of the British Virgin Islands, brings this action against defendants HUIFENG BIO-PHARMACEUTICAL TECHNOLOGY, INC. ("HFGB") alleging breach of a Secured Convertible Promissory Note. Defendant, HFGB respectfully submits this memorandum of law in support of its motion, pursuant to 28 U.S.C. §1404(a), to transfer this action to the United States District Court for the Eastern District of New York ("E.D.N.Y").

This case should have been brought in the Eastern District of New York. The promissory note drafted by the plaintiff states that "any legal action under the note shall be brought exclusively in any Court of the State of the State of New York or in the United States District Court for the Eastern District of New York, in each case in the County of New York". Yam Decl. ¶ 10. Moreover, all of the alleged events which gave rise to plaintiff's claims occurred in the Eastern District of New York. Thus, the interest of justice in preventing forum shopping dictates that this matter be transferred to the Eastern District of New York.

## STATEMENT OF FACTS

According to the complaint plaintiff, PROOF is a foreign company organized under the British Virgin Islands Companies Act, 2004, with its principal place of business in the British Virgin Islands. PROOF is an offshore investment fund. See Complaint ¶ 2. Defendant, Huifeng Bio-Pharmaceutical Technology, Inc. ("HFGB") is a Nevada corporation with its principal place of business located at 16B/F Ruixin Road Bldg. No. 25, Goaxin Road, Xi an 710075 Shaanxi Province, China. HFGB is a pharmaceutical company. See Complaint ¶ 3.

1

HFGB issued a Secured Convertible Promissory Note to PROOF dated December 31, 2007, in the principal amount of $1,500,000. Complaint ¶ 7. At the same time other non-parties also were issued promissory notes in various amounts.

The terms of the Note were amended pursuant to the Amendment to Secured Convertible Promissory Notes and Warrants dated December 24, 2009. Complaint ¶ 8.

According to the plaintiff, in violation of its contractual obligations, HFGB failed to pay the payments due on March 31, 2011, April 30, 2011 and thereafter. Plaintiff further alleges that on or about May 17, 2011, PROOF sent to HFGB a notice of default. Complaint ¶ 10, 11.

Lastly, plaintiff alleges that HFGB's failure to make the payments due under the note, constitutes an event of default and as a result of HFGB's default, PROOF has been damaged in the amount of $697,500 for unpaid principal, plus default interest. Complaint ¶ 12, 13.

PROOF drafted the promissory note and specifically choose the Eastern District as venue. The transaction in question took place in the Eastern District. The note required that payments were to be made to "PROOF at 1400 Old Country Road, Suite 206, Westbury, New York 11590 or at such other address as PROOF may designate". See Note Preamble. PROOF and some of the non-party witnesses who may be called are located in Long Island.

## ARGUMENT

### VENUE OF THIS ACTION IS PROPERLY LAID IN THE EASTERN DISTRICT OF NEW YORK

Defendant's move, pursuant to 28 U.S.C. §1404 to transfer this action from the Southern District to the Eastern District of New York - the more suitable venue. Section 1404(a) provides, "[for the convenience of the parties and witness, in the interests of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C.

2

§1404(a). In the present case, the plaintiff itself drafted the promissory note that choose the Eastern District as venue for any action brought under the note. The language of the note is a little unclear as it chooses venue to be the Eastern District of New York, in the County of New York. But, as the plaintiff drafted the promissory note and choose the Eastern District for venue, this Court should transfer this case to the Eastern District of New York.

Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred "might have been brought" in the transferee venue; and (2) whether the balance of convenience and justice favors transfer. Baker v. Bennett, 942 F. Supp. 171, 175-76 (S.D.N.Y. 1996); Williams v. City of New York, No. 03 Civ. 5342, 2006 U.S. Dist. LEXIS 6470, at *5 (S.D.N.Y. Feb. 16, 2006).

Applying this test to the present case, it is clear that this action should have been brought in the Eastern District of New York. The note in paragraph 13 specifically states that jurisdiction for any action would be brought in the United States District Court for the Eastern District of New York. Finally, the balance of convenience and justice heavily favors the Eastern District of New York. Thus, the Court should grant defendant's motion and this case should be transferred to the Eastern District of New York.

POINT I

**THE INSTANT ACTION
SHOULD HAVE BEEN BROUGHT IN
THE EASTERN DISTRICT OF NEW YORK**

The threshold question for any court considering a motion to transfer under §1404 is whether the action might have been brought in the transferee district. Grace v. Bank Leumi Trust Co., No. 02 Civ. 6612, 2004 U.S. Dist LEXIS 5294, at *6 (S.D.N.Y. Mar. 31. 2004). "For the purposes of [§]1404(a), an action might have been brought in another forum if at the time the

action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court." Id. (quoting Posven, C.A. v. Liberty Mut. Ins. Co., 303 F. Supp. 2d 391 (S.D.N.Y. 2004)). First, just as this Court has subject matter jurisdiction over the instant action, so too does the District Court for the Eastern District. See 28 U.S.C. §1332. Second, the Eastern District also has personal jurisdiction over the defendant in this case, because the promissory note explicitly states so. See Grace, 2004 U.S. Dist. LEXIS, at * 7 ("The Court cannot divine a situation where the Southern District [of New York] would have personal jurisdiction [over a defendant] but the Eastern District [of New York] would not.").

Moreover, venue is proper - and, ultimately, more appropriate - in the Eastern District. The United States Code, Title 28, § 1391(a) controls venue in this case.

Section 1391(a) provides, in pertinent part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.....

28 U.S.C. § 1391(a). As indicated above, the defendant is a Nevada foreign corporation, based in China who consented to personal jurisdiction under the note in the Eastern District of New York. Even more important is the fact that plaintiff itself asked that the payments under the note be made to its address in Westbury, New York in Nassau County. Moreover, all of the events giving rise to plaintiff's claim occurred in the Eastern District of New York.

Finally, pursuant to United States Code Title 28, Part I, Chapter 5. Sec. 112, the Eastern District of New York "comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk and concurrently with the Southern District, the waters within the counties of Bronx and New York:' 28 U.S.C. § 112(c). The Southern District of New York "comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan and Westchester, and, concurrently with the Eastern District the waters within the Eastern District." 28 U.S.C. § 112(b). Accordingly, venue of this action is properly laid in the Eastern District and this case should have been brought there.

## POINT II

### THE BALANCE OF CONVENIENCE AND JUSTICE FAVORS TRANSFER

Since this action might have been brought in the Eastern District "[r]esolution of a §1404(a) motion lies 'within the broad discretion of the district court and [is] determined upon notions of convenience and fairness on a case-by-case basis.' " Amersham Pharmacia Biotech v. Perkin-Elmer Corp., 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998) (quoting In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992). In making this determination, courts generally consider several factors, including

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiffs choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.

McCain v. Rahal Letterman Racing, LLC, 2007 U.S. Dist. LEXIS 63091, 10-11 (S.D.N.Y. Aug. 24, 2007) (quoting Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 11 F. Supp. 2d at

5

730).

When considering these factors, the Court has "considerable discretion in adjudicating [the motion] according to an individualized, case-by-case consideration of convenience and fairness." Bionx Implants, Inc. v. Biomet, Inc., No. 99 Civ. 740, 1999 U.S. Dist. LEXIS 8031, at *3 (S.D.N.Y. May 27, 1999) (quoting In re Cuyahoga Equip. Corp., 980 F .2d at 117). Also no individual factor is determinative and a court has discretion to weigh each factor to reach a fair result. See Pharm. Res., Inc. v. Alpharma USPD Inc., No. 02 Civ. 1015, 2002 U.S. Dist. LEXIS 8549, at *5 (S.D.N.Y. May 13, 2002).

Application of these factors to the instant case favors transfer. The first and third factors, the convenience of the parties and the witnesses, are considered the "essential criteria under the venue statute." Baker v. Coughlin, No. 93 Civ. 1084, 1993 U.S. Dist. LEXIS 12445, at *12 (S.D.N.Y. Sept. 9,1993) (quoting First City Fed. Sav. Bank v. Register, 677 F. Supp. 236, 237 (S.D.N.Y. 1988). Both of these factors favor the Eastern District: plaintiff apparently has an office in Nassau County in Westbury, New York. The defendant is a Nevada corporation and is as much at home in E.D.N.Y as in S.D.N.Y. Any non party witnesses are residents of both E.D.N.Y and S.D.N.Y. While it cannot be said that it would be inconvenient for the plaintiff and the defendant and any other non-party witnesses to appear in Manhattan, it would be easier for them to appear in the Eastern District of New York. And even though "the Eastern and Southern District Courthouses are separated by only four subway stops," common sense dictates that a claim by plaintiff who itself listed the place to make the payments under the note in the promissory note agreement in Nassau County in Westbury, against defendant a Nevada corporation, based on events which occurred in the Eastern District, should be heard in the

6

Eastern District. Grace, 2004 U.S. Dist LEXIS at *10 (quoting Richardson v. City of New York, No. 87 Civ. 214, 1988 U.S. Dist LEXIS 16746, at *4 (S.D.N.Y. Oct. 14,1988)).

Likewise, the second factor - the location of relevant documents and relative ease of access to sources of proof - favors the Eastern District. Because the plaintiff apparently has its office in Nassau County in Westbury, NY all of its records, reports and other documentation of the alleged incident would be located there. Likewise some of the non-parties with the pertinent information and records are also located in the Eastern District. Yam Decl. 5-7.

The fourth factor also favors transfer. The alleged default under the note occurred in the Eastern District. Even though the plaintiff alleges that the underlying incident occurred in the Southern District, this is incorrect because other than the plaintiff's lawyers offices being situated in the Southern District, none of the facts leading to the accrual of the plaintiff's complaint occurred in the Southern District.

The fifth, sixth, and seventh factors favor neither district. It will be no more difficult - and, most likely, even easier - to compel any unwilling witnesses to appear in the Eastern District. Also, the means of the parties will not be affected if the action is transferred to the Eastern District, and that Court is as familiar with New York law as this Court.

Moreover, the proximity between the Southern and Eastern Districts also does not hinder efforts to transfer this action. While one court has found the distance between these two *fora* to be so small as to militate against transfer, see Coughlin v. Long I. R. Co., 1992 U.S. Dist. LEXIS 14766, at *7 (S.D.N.Y. 1992), other courts have found otherwise. See Flaherty v. All Hampton Limousine, Inc., 2002 U.S. Dist. LEXIS 15171 (S.D.N.Y. 2002); see also Avemco In,. Co. v. GSF Holding Corp., 1997 U.S. Dist. LEXIS 13716, at 20 - 21 (S.D.N.Y. 1997) (distance not a

factor in granting transfer motion from plaintiffs chosen forum [S.D.N.Y.] to the defendant's choice [D.N.J.]).

Regarding to the eighth factor, while courts generally defer to the plaintiff's choice of forum, "that choice is not absolute," Grace, 2004 U.S. Dist. LEXIS 5294, at * 10 (quoting Keiffer v. E.F. Hutton, No, 83-Civ-6802, 1984 U.S. Dist. LEXIS 17441, at *10 (S.D.N.Y. Apr. 19, 1984). Indeed, plaintiff's choice of forum "is not entitled to the weight generally accorded such a decision where there is lacking any material connection between the forum and the events allegedly underlying the cause of action," Cain, 630 F, Supp, 2d at 227; see also McCain v. Rahal Letterman Racing, LLC, 2007 U.S. Dist. LEXIS 63091, at *11 (S,D,N,Y, Aug, 24, 2007) (stating that where, as here, the plaintiff does not reside in the district where he brought the case and the case has little to do with that district, plaintiffs choice of forum is entitled to less deference and is not sufficient in itself to prevent transfer). This is especially so, where the plaintiff itself drafted the promissory note and in paragraph 13 specifically stated that any action would be brought in the United States District Court for the Eastern District of New York. In contrast, all meaningful connections are with the Eastern District of New York. The alleged default occurred there; plaintiff has an office there; relevant evidence can be found there; and some of the non-party witnesses are more than likely located there.

Finally, the ninth factor - trial efficiency and the interests of justice - also supports transfer given the nexus of this case to the Eastern District. Therefore, under the balance of convenience, justice and the totality of the circumstances, strongly favor transfer, and, in turn, defendant's motion to transfer should be granted.

8

## CONCLUSION

For the reasons set forth herein, defendants respectfully request that this Court grant this motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the Eastern District of New York.

Dated: New York, New York
       October 21, 2011

By:   /s/ Man Yam
       Man Yam, Esq.

To:   Andrew Solomon (GS 1534)      via ECF
      SULLIVAN & WORCESTER LLP
      Attorney for Plaintiff
      1290 Avenue of the Americas
      29th Floor
      New York, NY 10104
      (212) 660-3000