# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X   Docket No. 1:11-cv-04321(LAK)
PROFESSIONAL OFFSHORE OPPORTUNITY
FUND, LTD.,
                              Plaintiff,         **DEFENDANT'S RESPONSE TO**
                                                          **PLAINTIFF'S FIRST REQUEST**
            -against-                               **FOR ADMISSIONS**

HUIFENG BIO-PHARMACEUTICAL
TECHNOLOGY, INC.,
                              Defendant.
------------------------------------------------------------- X

PROPOUNDING PARTIES:     PROFESSIONAL OFFSHORE OPPORTUNITY

RESPONDING PARTIES:       HUIFENG BIO-PHARMACEUTICAL

Pursuant to Federal Rules of Civil Procedure Defendant hereby responds and objects to Plaintiff's Request to Admit to defendant as follows:

## GENERAL OBJECTIONS

Defendant makes the following objections to the Request to Admit, which are incorporated, by reference into each of defendant's specific responses and objections:

1      Defendant generally objects to each Request to Admit to the extent it seeks information protected from disclosure by the attorney-client or work product privileges. Defendant further objects to each Request to Admit to the extent that it seeks, information prepared in anticipation of litigation or for trial of this or any matter. By providing information as set forth below, defendant does not waive any privileges. To the extent that a request may be construed as seeking such privileged or protected information or documents, defendant hereby claims such privilege and invokes such protection. The fact that defendant does not specifically object to an individual request on the ground that it seeks such privileged or protected information or document shall not he deemed a waiver of the protection a by

the attorney privilege, the attorney work product doctrine or other applicable privilege or protection.

2. Defendant generally objects to each Request to Admit to the extent it is overly broad, unduly burdensome, and/or oppressive.

3. Defendant generally objects to each Request to Admit to the extent that it is vague and/or ambiguous. Where possible, however, Defendant will make reasonable assumptions as to plaintiff's intended meaning and will respond accordingly, while preserving its objections as to vagueness, ambiguity and uncertainty.

4. Defendant's responses, if any, herein are based upon facts known at this time. Without acknowledging any obligation to do so, Defendant preserves the right, in Defendant's sole discretion, to update, amend, or supplement these responses. In addition, these responses are made without prejudice to Defendant's right to present additional evidence or contentions at trial based upon information hereafter obtained or developed.

5. Defendant objects to each Request to Admit to the extent it seeks information already in plaintiff's possession, custody, or control, or available to plaintiff from public sources.

6. Defendant's responses are made without waiving, in any way: (1) the right to object on any basis permitted by law to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these responses.

7. Defendant incorporates by reference all of these general objections into each specific response, below.

REQUEST FOR ADMISSIONS

1. Admit that HFGB issued a Secured Convertible Promissory Note to PROOF, dated December 31, 2007, in the principal amount of $1,500,000 (the "Note").     ADMIT

2. Admit that Exhibit A attached to the Complaint in this action is a true and correct copy of the Note.     AMDIT

3. Admit that HFGB executed the Note.
ADMIT

4. Admit that the terms of the Note were amended pursuant to the Amendment to Secured Convertible Promissory Notes and Warrants, dated December 24, 2009 (the "Amendment").
ADMIT

5. Admit that Exhibit B to the Complaint in this action is a true and correct copy of the Amendment.     ADMIT

6. Admit that HFGB executed the Amendment.
ADMIT

7. Admit that the Note is a binding obligation of HFGB.
ADMIT

8. Admit that the Amendment is a binding obligation of HFGB.
ADMIT

9. Admit that under the Note and Amendment on April 30, 2010 and on the last day of each month thereafter, HFGB promised to pay PROOF a certain percentage of the initial principal amount due plus a 10% interest on the outstanding principal amount.
ADMIT

10. Admit that under the Note, in the event of a default, HFGB agreed to pay PROOF 150% of the principal amount then outstanding, plus all interest then due, plus default interest in the amount of 15 percent per annum on any amount due under the Note.     DENY

11. Admit that under the Note, HFGB agreed to reimburse PROOF for any costs and expenses, including counsel fees, in connection with enforcement of the Note.     DENY

12. Admit that the schedule in paragraph 1 of the Amendment sets forth the schedule for the payment of principal under the Note.     ADMIT

13. Admit that HFGB failed to pay the scheduled payment due under the Note and Amendment on March 31, 2011.     DENY

14. Admit that HFGB failed to pay the scheduled payment due under the Note and Amendment on April 30, 2011.     DENY

15. Admit that HFGB failed to pay the scheduled payment due under the Note and Amendment on May 31, 2011.     DENY

16. Admit that HFGB failed to pay the scheduled payment due under the Note and Amendment on June 30, 2011.     DENY

17. Admit that HFGB received a notice of default under the Note and Amendment dated May 17, 2011 (the "Notice").     ADMIT

18. Admit that a true and correct copy of the Notice is attached as Exhibit C to the Complaint in this action.                                                                                                               ADMIT

19. Admit that HFGB's failure to make the payments due under the Note and its Amendment constitutes an event of default.                                                                                              DENY

20. Admit that HFGB's owes PROOF $697,500 for unpaid principal under the Note and Amendment.                                                                                                                                   DENY

21. Admit that PROOF has not breached any of its obligations under the Note.
                                                                                                                                                      DENY

22. Admit that PROOF has not breached any of its obligations under the Amendment.
                                                                                                                                                      DENY

23. Admit that HFGB has admitted its obligations under the Note in its publicly filed financial statements.                                                                                                                    ADMIT


Dated: New York, New York
       October 5, 2011

_____
Man C. Yam
401 Broadway, Suite 1708
New York, NY 10013
T: 212.219.7783