Andrew T. Solomon
Gretchen S. Silver
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Fl.
New York, NY 10104
(212) 660-3000

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

| | |
|---|---|
| PROFESSIONAL OFFSHORE OPPORTUNITY FUND, LTD., a company registered under the laws of the British Virgin Islands, | : 11-cv-04321-LAK |
| Plaintiff, | : **RULE 56.1 STATEMENT OF MATERIAL FACTS** |
| -against- | : |
| HUIFENG BIO-PHARMACEUTICAL TECHNOLOGY, INC., a Nevada corporation, | : |
| Defendant. | : |

---------------------------------------------------------------------- x

Plaintiff Professional Offshore Opportunities Fund, Ltd. ("**PROOF**"), through its attorneys Sullivan & Worcester LLP, submits the following Statement of Material Facts pursuant to Local Rule 56.1 in support of its motion for summary judgment.

PROOF references the following evidentiary materials in support of this statement:

(1)   The Declaration of Andrew T. Solomon ("**Solomon Decl.**") with the following attached exhibits:

Ex. A:  Plaintiff's Complaint (with Exhibit A: $1,500,000 Secured Convertible Promissory Note dated December 31, 2007 (the "**Note**"); Exhibit B: Amendment to Secured Convertible Promissory Notes and Warrants (the "**Amendment**"); and C:  Plaintiff's pre-suit demand letter

Ex. B:  Defendant's Amended Answer and Defenses ("**Answer**"); and

  Ex. C:  Defendant's response to plaintiff's requests for admissions ("**RFA Response**")

  (2)  The Declaration of Howard Berger ("**Berger Decl**.") with the following attached Exhibits:

  Ex. A:  PROOF's Certificate of Incorporation;

  Ex. B:  PROOF's Administrative Services Agreement with Folio Administrators Limited;

  Ex. C:  Settlement Agreement and Release dated June 2010;

  Ex. D: Schedule of principal payments due under the Amendment;

  Ex. E:  Schedule of the actual payments made by defendant pursuant to the Amendment;

  Ex. F:  Schedule of the amounts due under the Note, as amended; and

  Ex. G: Huifeng Bio-Pharmaceutical Technology, Inc.'s Form 10-K for the fiscal year ended December 31, 2009.

  1.  Plaintiff PROOF is incorporated in the British Virgin Islands as an International Business Company.  [Berger Decl. ¶2, Ex. A].

  2.  PROOF's Administrator is Folio Administrators Limited, in the BVI, which provides administrative and managerial services to the fund pursuant to an Administrative Services Agreement dated July 7, 2005.  [Berger Decl. Ex. B].  Folio also maintains the Fund's principal financial books and records in the BVI.  [Id. at ¶ 2F].

  3.  PROOF's investment manager is Professional Offshore Traders Management, LLC ("POTM"), which is based in Westbury, New York.  POTM is authorized to do business in New York.  POTM directs PROOF's investments from POTM's New York office, but the investments are in public micro-capitalized companies through the United States and in foreign countries. PROOF does not have employees in New York. It neither leases nor owns property in New York.  [Berger Decl. ¶ 4-5].

2

4. Defendant Huifeng Bio-Pharmaceutical, Inc. ("HFGB") is a Nevada Corporation with its principal place of business in China.  [See Answer ¶ 3 (Solomon Decl. Ex. B)].

5. HFGB issued a Secured Convertible Promissory Note to PROOF, dated December 31, 2007, in the principal amount of $1,500,000 (the "Note").  [See Ex. A to the Complaint (Solomon Decl. Ex. A) and RFA Responses Nos. 1-3 (Solomon Decl. Ex. C)].

6. The Note selects New York law as its exclusive governing law.  [Note § 12].

7. Under the terms of the Note, HFGB agreed to pay PROOF interest quarterly at the rate of ten percent per annum, which HFGB could pay in cash or by issuing freely tradable stock to PROOF.  [Note § 1(a)].  HFGB did not have the option to pay principal with stock, and all principal was due and payable on the "Maturity Date" of December 31, 2009.  [Note § 1(b)].

8. HFGB was unable to pay the principal on the Maturity Date of December 31, 2009. [Berger Decl. ¶ 9].

9. In order to avoid a default on the payment of principal on the Note, the parties amended the Note pursuant to the Amendment to Secured Convertible Promissory Notes and Warrants, dated December 24, 2009 (the "Amendment").  [Ex. B to the Complaint; RFA Responses Nos. 4-6].

10. In June 2010, the parties entered into the Settlement Agreement and Release ("Settlement Agreement").  [Berger Decl. Ex. C.]  At the time of the Settlement Agreement, HFGB's CEO, Jing An Wang, was in default on his obligation to cause the release of 1,400,000 escrowed shares to PROOF under a certain Escrow Agreement dated December 17, 2007.  [See Escrow Agreement (Solomon Decl. Ex. B); Settlement Agreement Recitals].

11. At the time of the Settlement Agreement there was no dispute as to Wang's obligation to release the 1,400,000 shares.  But, mechanically, to effectuate the transfer of the shares with

the transfer agent, Wang and HFGB had to cooperate and sign certain documents. [Berger Decl. ¶ 12].

12. For no reason other than hold-up leverage, Wang and HFGB refused to perform under the Escrow Agreement and release the shares, even though the conditions for release were undisputed. [Berger Decl. ¶ 13].

13. Rather than incur the expense of litigation, PROOF and other note holders agreed to permit HFGB more time to reach the net income thresholds, which would have permitted Wang to maintain ownership of some of the Escrowed Shares. [Berger Decl. ¶ 14; Settlement Agreement Recitals].

14. Under the Settlement Agreement, HFGB and Wang permitted 900,000 shares to be released to PROOF and other note holders. PROOF received 675,000 of these shares. [Berger Decl. ¶ 15; Settlement Agreement § 3(a)].

15. Before and after the Settlement Agreement, HFGB made payments to PROOF under the Amendment. [Berger Decl. ¶ 16].

16. The Amendment extended the maturity date of the Note to June 30, 2011. [Amendment § 1(a)]. The Amendment also provided for the repayment of principal according to a set schedule. [Amendment § 1(b)]. Starting on April 30, 2010 and on the last day of each month thereafter, HFGB promised to pay PROOF a certain percentage of the principal amount due plus 10% interest on the outstanding principal amount associated with each payment. [RFA Response No. 9].

17. Under the Amendment, HFGB had the option of paying interest in cash or freely tradable stock. [Note § 1(a); Amendment § 1(b)]. Following the execution of the Amendment,

however, HFGB never issued any freely tradable securities to pay its interest obligation. [Berger Decl. ¶ 18].

18. The Amendment, which was effective as of December 24, 2009, states that HFGB owed PROOF $1,500,000 in principal on the Notes. [Amendment § 1(a)]. Pursuant to §1(b) of the Amendment, HFGB agreed to repay the principal amount of the Note in accordance with the following schedule [Berger Decl. ¶ 19, Ex. D]:

| Payment Due Date | Percent of Initial Principal Amount Due |
|---|---|
| April 30, 2010 | 2.5% |
| May 30, 2010 | 2.5% |
| June 30, 2010 | 2.5% |
| July 31, 2010 | 4.0% |
| August 31, 2010 | 4.0% |
| September 30, 2010 | 4.0% |
| October 31, 2010 | 6.0% |
| November 30, 2010 | 6.0% |
| December 31, 2010 | 6.0% |
| January 31, 2011 | 8.0% |
| February 28, 2011 | 8.0% |
| March 31, 2011 | 8.0% |
| April 30, 2011 | 12.0% |
| May 31, 2011 | 12.0% |
| June 30, 2011 | 14.5% |
| **Total** | **100.0%** |

19. As consideration for the Amendment, HFGB agreed to issue 375,000 shares of common stock to PROOF. [Berger Decl. ¶ 20]. The 375,000 shares granted pursuant to the Amendment constituted *additional consideration* and did not reduce HFGB's obligations to PROOF under the Note and Amendment. [*Id.*] Accordingly, in HFGB's Form 10-K for the fiscal year ended 12/31/2009, it disclosed this transaction as follows: "On December 24, 2009, the Company issued 450,000 shares of common stock to the Note holders in consideration of

entering into the amendment of the Notes having a fair value of $445,500. The value of the common stock issued was determined based the closing market price of $0.99 per share on December 24, 2009." [Berger Decl. Ex. G]. The 450,000 shared described in the Form 10-K announcement matches the description of shares issued on Exhibit A to the Amendment.

20. As set forth in the Berger Declaration, from April 1, 2010 (the first payment date under the Amendment) through March 2011 (the default month), HFGB paid PROOF the aggregate sum of $938,450.91 on the following dates and in the following amounts [Berger Decl. ¶ 21, Ex. E]:

| Payment Date | Amount |
|---|---|
| April 1, 2010 | $37,485.00 |
| May 27, 2010 | $37,485.00 |
| June 1, 2010 | $37,485.00 |
| July 6, 2010 | $74,839.58 |
| August 3, 2010 | $29,978.00 |
| August 3, 2010 | $29,978.00 |
| September 3, 2010 | $49,978.00 |
| September 3, 2010 | $9,978.00 |
| October 12, 2010 | $48,985.00 |
| October 13, 2010 | $33,926.00 |
| October 13, 2010 | $9,985.00 |
| November 5, 2010 | $89,975.00 |
| December 6, 2010 | $14,975.00 |
| December 9, 2010 | $74,975.00 |
| January 5, 2011 | $28,533.33 |
| January 5, 2011 | $49,985.00 |
| January 11, 2011 | $39,985.00 |
| February 14, 2011 | $19,985.00 |
| February 15, 2011 | $52,000.00 |
| February 15, 2011 | $48,000.00 |
| March 3, 2011 | $19,985.00 |
| March 10, 2011 | $49,975.00 |
| March 21, 2011 | $49,975.00 |
| **Total** | **$938,450.91** |

21. Interest on the payments under the Amendment accrued at 10% per annum from the date of the Amendment to the payment date. [Amendment § 1(B)]. HFGB made no interest payments under the Amendment, although in some months it overpaid scheduled principal, which PROOF applied to interest [Berger Decl. ¶ 22]. Accordingly, the following chart sets out HFGB's payments, the scheduled payment amounts, the accrued interest, and any over- or under-payment, which PROOF applied to principal [Berger Decl. ¶ 22, Ex. F]:

| Payment Date | Aggregate Monthly Payment Amount | Scheduled Amount Due | Accrued Interest at 10% from 12/31/09 | Excess / Deficiency |
|---|---|---|---|---|
| 4/30/2010 | $37,485.00 | $37,500.00 | $1,232.88 | ($1,247.88) |
| 5/30/2010 | $37,485.00 | $37,500.00 | $1,541.10 | ($1,556.10) |
| 6/30/2010 | $37,485.00 | $37,500.00 | $1,859.59 | ($1,874.59) |
| 7/30/2010 | $74,839.58 | $60,000.00 | $3,468.49 | $11,371.09 |
| 8/30/2010 | $59,956.00 | $60,000.00 | $3,978.08 | ($4,022.08) |
| 9/30/2010 | $59,956.00 | $60,000.00 | $4,487.67 | ($4,531.67) |
| 10/30/2010 | $92,896.00 | $90,000.00 | $7,471.23 | ($4,575.23) |
| 11/30/2010 | $89,975.00 | $90,000.00 | $8,235.62 | ($8,260.62) |
| 12/30/2010 | $89,950.00 | $90,000.00 | $8,975.34 | ($9,025.34) |
| 1/30/2011 | $118,503.33 | $120,000.00 | $12,986.30 | ($14,482.97) |
| 2/28/2011 | $119,985.00 | $120,000.00 | $13,939.73 | ($13,954.73) |
| 3/30/2011 | $119,935.00 | $120,000.00 | $14,926.03 | ($14,991.03) |
| 4/30/2011 | 0 | $180,000.00 | | ($180,000.00) |
| 5/30/2011 | 0 | $180,000.00 | | ($180,000.00) |
| 6/30/2011 | 0 | $217,500.00 | | ($217,500.00) |
| **Total** | **$938,450.91** | **$1,500,000.00** | | **($644,651.14)** |

22. HFGB defaulted under the Note and Amendment by failing to make the final three scheduled principal payments. [Berger Decl. ¶ 23]. PROOF's counsel sent a demand letter [Complaint Ex. C], which HFGB received [RFA Response No. 17] but took no responsive action. [Berger Decl. ¶ 23]. In addition to the unpaid principal of $577,500 and the prior interest shortfall of $67,151.14, PROOF is entitled to default interest at the rate of 15% from the date of

default (April 30, 2011) to the date of payment [Note § 8] and attorneys' fees for the costs of enforcement [*Id.* at § 11]. The April 2011 payment was due on April 30, 2011. Pre-default contractual interest accrued on the principal outstanding balance at the rate of 10% per annum from March 31, 2011 to April 30, 2011, $4,812.50 ($577,500 x .10/12), and default interest began to accrue from the date of default, April 30, 2011, until the date of judgment in the per diem amount of $237.32 ($577,500 x .15/365). [Berger Decl. ¶ 24].

Dated: New York, New York  
       November 2, 2011

SULLIVAN & WORCESTER LLP

By: /s/_____  
    Andrew T. Solomon  
    asolomon@sandw.com  
    Gretchen S. Silver  
    gsilver@sandw.com  
    1290 Avenue of the Americas, 29th Floor  
    New York, NY 10104  
    (212) 660-3000

*Attorneys for Plaintiff Professional Offshore Opportunities Fund, Ltd.*

To:    BERNARD & YAM, LLP  
       401 Broadway, Suite 1708  
       New York, N.Y. 10013  
       Attn: Man Yam, Esq.  
       (212) 219-7983

       *Attorneys for Defendant*