UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
                                           :

PROFESSIONAL OFFSHORE
OPPORTUNITY FUND, LTD., a company    :
registered under the laws of the British Virgin
Islands,    :

            Plaintiff,                             11-cv-04321-LAK

                                         :

   -against-                            :

HUIFENG BIO-PHARMACEUTICAL
TECHNOLOGY, INC., a Nevada corporation,    :

            Defendant.                   :

                                         :
-------------------------------------------------------------------- x

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION FOR TRANSFER

SULLIVAN & WORCESTER LLP
    Andrew T. Solomon
    Gretchen S. Silver
1290 Avenue of the Americas, 29th Fl.
New York, NY 10104
(212) 660-3000

*Attorneys for Plaintiff*

Plaintiff Professional Offshore Opportunity Fund, Ltd. ("PROOF"), by and through its counsel, Sullivan & Worcester LLP, submits this memorandum of law in opposition to the motion to transfer by defendant Huifeng Bio-Pharmaceutical Technology, Inc. ("HFGB").

## I.   Introduction

HFGB, a Nevada corporation that maintains its place of business in the Shaanxi Province of China, moves this Court to transfer this action to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).  The motion should be denied because HFGB has not and cannot make the "strong showing" necessary to overcome plaintiff's choice of this forum.  Indeed, given the proximity of the courts in these two adjacent districts and the fact that a company located in China cannot possibly show that one forum is significantly more convenient than the other, the instant motion treads close to (or crosses) the line of tactics worthy of sanctions.[1]

## II.      Statement of the Case

In June 2011, plaintiff PROOF commenced this action to enforce a convertible secured promissory note (the "Note") in the original principal balance of $1,500,000.  The existence and validity of the Note and HFGB's non-payment of the amounts due under the Note, as scheduled in a certain amendment to the Note, is not disputed.  The only impediment to enforcement of the Note is the time and expense of litigation (compounded by motions like this) and the need to address the various dilatory, conclusionary, and specious defenses that HFGB raised in its responsive pleading.  These points are all made in plaintiff's motion for summary judgment.[2]

---

[1] It is fair to ask why a Chinese company, with counsel located in New York City, would seek to move a case a few miles away from this Court at this late date.  To delay the action?  To avoid this Court?  A vexatious attempt to drive up plaintiff's litigation cost?

[2] *See* Memorandum of Law in Support of Motion for Summary Judgment, Docket No. 17 (Nov. 2, 2011).

On October 7, 2011, counsel for the parties appeared for a Rule 16 initial conference before the Court.[3]  At the conference, defendant's counsel did not reveal HFGB's intention to move to transfer venue, although it clearly should have been raised (*See* Fed. R. Civ. P. 16(c)). What was discussed were the palpable deficiencies in HFGB's answer, resulting in the Court's suggestion, and PROOF's acquiescence, that HFGB file an amended answer.[4]

On October 21, 2011, HFGB filed its Amended Answer and Affirmative Defenses. Neither the original answer nor the amended answer objected to venue.[5]  But, contemporaneously with its amended answer, HFGB filed a motion to transfer venue under 28 U.S.C. § 1404(a).

On November 2, 2011, PROOF filed its motion for summary judgment, which is now pending before the Court.[6]

## III.    Argument

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In considering whether a requested transfer is convenient for the parties and witnesses and in the "interests of justice," courts generally consider the following factors:

(1) the plaintiff's choice of forum, (2) the convenience of

---

[3] *See* Minute Order entered (Oct. 21, 2011).

[4] *See* Amended Answer, Docket No. 13 (Oct. 21, 2011).

[5]  The failure to do so is a waiver of any objection on that ground.  Fed. R. Civ. P. 12(h).

[6] Even were the Court to consider the possibility of transferring the case, no such transfer should take place until after the summary judgment motion is decided.  Granting the motion would moot any forum-related convenience questions.  Indeed, since counsel for both parties are located in New York City, this forum is the most convenient forum for motion practice.

> witnesses, (3) the location of relevant documents and relative ease
> of access to sources of proof, (4) the convenience of parties, (5) the
> locus of operative facts, (6) the availability of process to compel
> the attendance of unwilling witnesses, and (7) the relative means of
> the parties.

*N.Y. Marine and General Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006)).  The party

seeking to transfer the action "carries the 'burden of making out a strong case for transfer.'"  *N.Y.*

*Marine*, 599 F.3d at 114 (quoting *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*,

865 F.2d 513, 521 (2d Cir. 1989)). "Strong case" equates to the "clear and convincing"

evidentiary standard.  *Id.* (citing district court cases in the Second Circuit).

HFGB is unable to make a "strong case" for transfer for three main reasons:  one,

plaintiff's choice of the New York forum is entitled to significant weight; two, there is no

convenience benefit to transferring the case a few miles from the S.D.N.Y. to the E.D.N.Y.; and,

three, HFGB cannot rely on convenience factors that are particular to plaintiff in order to justify

a transfer.  Each of these points is addressed immediately below.

**First**, it is well-settled that a plaintiff's choice of forum is entitled to "great weight."

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006).  This is so, although to a

slightly lesser extent, even where plaintiff has not chosen its own district.  *TouchTunes Music*

*Corp. v. Rowe Intern. Corp.*, 676 F. Supp. 2d 169 (S.D.N.Y. 2009).  Here, plaintiff chose to sue

in the S.D.N.Y. because the choice of venue provision in the Note was ambiguous, but the better

reading suggested that this is the correct forum.  The Note (attached as Exhibit A to the

accompanying Declaration of Andrew T. Solomon dated November 4, 2011 ("Solomon Decl."))

contains the following provision concerning jurisdiction and venue:

THE BORROWER CONSENTS THAT ANY LEGAL ACTION
OR PROCEEDING AGAINST IT UNDER, ARISING OUT OF
OR IN ANY MANNER RELATING TO THIS NOTE, OR ANY
OTHER INSTRUMENT OR DOCUMENT EXECUTED AND
DELIVERED IN CONNECTION HEREWITH SHALL BE
BROUGHT EXCLUSIVELY IN ANY COURT OF THE STATE
OF NEW YORK OR IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF NEW YORK, IN
EACH CASE, IN THE COUNTY OF NEW YORK. * * * *
ASSUMING DELIVERY OF THE SUMMONS IN
ACCORDANCE WITH THIS PROVISION, THE BORROWER
HEREBY EXPRESSLY AND IRREVOCABLY WAIVES ANY
ALLEGED LACK OF PERSONAL JURISDICTION,
IMPROPER VENUE OF FORUM NON CONVENIENS OR
ANY SIMILAR BASIS.

The provision is ambiguous because it selects the "Eastern District of New York" but also "in the

County of New York."  What is not "ambiguous" is that HFGB agreed to litigate in the "County

of New York," which includes this Court, and did not object to venue here when it filed its

Answer and Amended Answer.

The Note, moreover, is not the only agreement that HFGB executed in connection with

the transaction.  The other agreements are not ambiguous and make clear that New York City is

an appropriate venue.  Section 2.1 of the Securities Purchase Agreement (Ex. B to the Solomon

Decl.)—pursuant to which the Note had been issued—provides that the closing of the transaction

took place in New York City, "at the offices of Sullivan & Worcester LLP."  And the Escrow

Agreement at par. Q (Ex. C to the Solomon Decl.) designates the S.D.N.Y. as the exclusive

jurisdiction to resolve dispute.

**Second**, except in extreme cases, it is virtually impossible to make a compelling

"convenience" case for transferring an action the few miles that separate the courthouses in the

Southern and Eastern Districts of New York.[7]  Where transfer motions have succeeded between these courts, it is principally where transfer would allow for litigation of related claims to take place in the same forum.[8]  The S.D.N.Y. has also transferred a liquidation proceeding to the E.D.N.Y. because all of the relevant property, operative facts, transactions and records, parties and potential witnesses were situated within that district.[9]  None of those exceptional circumstances is present here.

**Third**, a defendant cannot argue for a transfer solely based on the convenience of the plaintiff, as a "party can waive its inconvenience by agreeing to venue in a district that actually is not the most convenient forum for it."  *See Ontel Prods., Inc. v. Project Strategies Corp.,* 899 F. Supp. 1144, 1154 (S.D.N.Y. 1995).  Here, every single "convenience" factor cited by HFGB in its papers is a PROOF-related factor.  Yet, the effect of PROOF's waiver is to remove the "convenience" of PROOF from the calculus under § 1404(a).  *Id.* (citing *Williams v. Nat'l Hous. Exch., Inc.*, No. 95 Civ. 1594 (HB), 1995 WL 406271, *3 (S.D.N.Y. July 7, 1995).

Were the Court to go factor-by-factor, it is plain that HFGB has not met its burden to justify transfer.  Indeed, every factor either favors this forum or is neutral:

---

[7] *Kahn v. Wien*, 86 Civ. 2416 (RJD), 1989 WL 65449 (E.D.N.Y., June 6, 1989); see also *Grossman v. Schwarz*, 678 F. Supp. 440, 443 (S.D.N.Y.1988) ("the proximity of the Eastern and Southern Districts precludes a transfer based solely on convenience factors"); *Habrout v. City of New York*, 143 F. Supp. 2d 399, 401 (S.D.N.Y.2001); *Kalter v. Norton*, 202 F. Supp. 950 (S.D.N.Y. 1962).  *Cf. Roberts Brothers, Inc. v. Kurtz Bros.*, 231 F. Supp. 163, 168 (D.N.J. 1964) (denying motion to transfer from District of New Jersey to "geographically adjacent" Eastern District of Pennsylvania, a neighbor "of such unusually close proximity").

[8] See, e.g., *Williams v. City of New York*, No. 03 Civ. 5342(RWS), 2006 WL 399456 (S.D.N.Y. February 21, 2006) (court granted motion to transfer to Eastern District where an action raising identical issues was pending); *Rabbi Jacob Joseph School v. Province of Mendoza*, 342 F. Supp. 2d 124 (E.D.N.Y.2004) (granting transfer from Eastern District to Southern District because a near-identical case was pending in the Southern District, and issues were purely legal in nature and so required little, if any, fact discovery); *Lawrence v. Reno*, No. 00 Civ. 4559 (LAK), 2003 WL 22038582 (S.D.N.Y. August 28, 2003) (granting Government's motion to transfer in the interests of justice, for the purposes of consolidating Jamaican national's habeas petition with his other pending habeas petitions in the Eastern District).

[9] *Ouannou v. Starr*, 216 F. Supp. 2d 346 (S.D.N.Y. 2002).

(1)   plaintiff's choice of forum:  **S.D.N.Y.** (*Ball v. MTV Networks on Campus, Inc.*, No. 08 Civ. 2888(LAK), 2008 WL 4131346 (S.D.N.Y. September 02, 2008));

(2)   convenience of witnesses:  **neutral** (*see Coughlin v. Long Island R.R.*, No. 91 Civ. 7535 (CSH), 1992 WL 276568, at *3 (S.D.N.Y. Sept.29, 1992) (denying transfer from Southern District of New York to Eastern District because of proximity of the two courts irrespective of fact that operative events occurred in the Eastern District));

(3)   location of relevant documents and relative ease of access to sources of proof—which is not a significant factor given technological advances:  **neutral** (*See TouchTunes*, 676 F. Supp. 2d at 174);

(4)   convenience of parties:  **neutral** (*see Coughlin,*1992 WL 276568, at *3);

(5)   locus of operative facts:  **S.D.N.Y. or neutral** (the transaction closed in New York City; the breach occurred either in China or Nassau County), *see Oubre v. Clinical Supplies Management, Inc.*, No. 05 Civ. 2062(LLS), 2005 WL 3077654 (S.D.N.Y. November 17, 2005) (in contract dispute operative facts is where contract was "negotiated or executed," where "performed," and where "breach occurred.");

(6)   availability of process to compel the attendance of unwilling witnesses: **neutral**;

(7)   relative means of the parties:  **neutral**.

As shown, every factor (including the most important, plaintiff's choice of forum) either favors the Southern District or is neutral.

**IV.     Conclusion**

For the reasons set forth above, defendant HFGB's motion to transfer this action to the

Eastern District of New York should be denied.


Dated:  New York, New York                    SULLIVAN & WORCESTER LLP
        November 4, 2011


                                               By: /s/ _____
                                                   Andrew T. Solomon
                                                   asolomon@sandw.com
                                                   Gretchen S. Silver
                                                   gsilver@sandw.com
                                                   1290 Avenue of the Americas, 29th Floor
                                                   New York, NY 10104
                                                   (212) 660-3000

                                                   *Attorneys for Plaintiff Professional Offshore
                                                   Opportunities Fund, Ltd.*