UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X          Docket No. 1:11-cv-4321(LAK)
PROFESSIONAL OFFSHORE OPPORTUNITY          ECF
FUND, LTD., a company registered under the laws
of the British Virgin Islands,

                                     Plaintiff(s),

-against-


HUIFENG BIO-PHARMACEUTICAL
TECHNOLOGY, INC., a Nevada Corporation,
                                     Defendant(s)
-------------------------------------------------------------X


**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO TRANSFER VENUE**


/s/ Man Yam
Man Yam, Esq.
BERNARD & YAM
Attorney for Defendants
HUIFENG BIO-PHARMACEUTICAL TECHNOLOGY, INC.
401 Broadway
Suite 1708
New York, N.Y. 10013
Tel: (212) 219-7783

<u>ARGUMENT</u>

**THIS COURT SHOULD TRANSFER THIS ACTION TO
EASTERN DISTRICT OF NEW YORK**

Defendant, HUIFENG BIO-PHARMACEUTICAL TECHNOLOGY, INC. ("HFGB") in

reply to PROOF's opposition memorandum of law, refers this Court to paragraph 13 of the

promissory note drafted by plaintiff PROFESSIONAL OFFSHORE OPPORTUNITY FUND,

LTD., ("PROOF"), which states "any legal action under the note shall be brought exclusively in

any Court of the State of New York or in the United States District Court for the Eastern District

of New York, in each case in the County of New York". Yam Decl. in Support of Motion to

Change Venue ¶ 10.

Paragraph 13 of the promissory note bound PROOF to bring any federal lawsuit in the

Eastern District of New York because, PROOF drafted the promissory note and unambiguously

choose the Eastern District as venue for resolution of any dispute between the parties. PROOF,

argues that the note term dealing with choice of venue is ambiguous because it selects the

"Eastern District of New York" but also "in the County of New York". PROOF, further argues

that what is not "ambiguous" is that HFGB agreed to litigate in the "County of New York".

PROOF's arguments are without merit.

How can PROOF argue that the choice of venue as the Eastern District of New York

ambiguous, when the plain wording of paragraph 13 of the promissory chooses Eastern District

as the proper venue? It can be that the term "County of New York" is ambiguous and what

PROOF intended when it drafted the note was to state "Eastern District of New York . . . .County

of Kings/Nassau/Suffolk" or maybe the note was to state "Eastern District of New York . . . .City

of New York". HFGB cannot be sure, and neither can this Court, as the note was drafted by

PROOF and it does not provide any evidence that helps in the resolution of this question. Rather,

2

PROOF asks the Court to take its word regarding the correct interpretation of paragraph 13. This Court should not agree with PROOF's interpretation, rather, any ambiguity should be construed against PROOF, the drafter of the note and therefore, this Court should transfer venue of this lawsuit to the Eastern District of New York.

In its opposition to HFGB's motion to change venue, PROOF questions defendant's motives behind the motion to change venue a few miles from Southern District of New York to the Eastern District of New York[1] and states that "defendant's motion treads close to (or crosses) the line of tactics worthy of sanctions."

The absurdity of this proposition is that PROOF is asking the Court to question the defendant's motives and impose sanctions <u>for pointing out a mistake that PROOF made by not complying with the plain language of the promissory note that was drafted by PROOF.</u> (emphasis added). The promissory note clearly chooses Federal Court venue as Eastern District of New York.

Defendant, HFGB moved to transfer this action from the Southern District to the Eastern District of New York - the more suitable venue based on the choice of venue provision in the promissory note. Plaintiff, PROOF should be bound to the terms of the promissory note, just as it seeks to bind defendant, HFGB to the terms of the promissory note.

The promissory note was issued by HFGB on or about December 31, 2007. Complaint ¶ 7. In paragraph 13 of the promissory note, PROOF specified that Eastern District of New York was the appropriate venue to resolve any controversy between the parties. On or about December 24, 2009, the terms of the note were amended. Complaint ¶ 8. PROOF, failed to change the

---

[1] It is not a question of moving the case a few miles away from the Southern District to the Eastern District. The Eastern District has two (2) courthouses, one located in Brooklyn, in Kings County across the river from the Southern District and the second located in Central Islip, NY on Long Island in Suffolk County, approximately 50 miles away. Theoretically, this case could be assigned to a judge in the Eastern District in Central Islip.

venue provision in the amendment, even though it had an opportunity to do so. After HFGB

defaulted on the note and the amendment, PROOF commenced this lawsuit, by filing it in the

Southern District.

PROOF, argues that because the defendant executed other agreements in connection with

this transaction, its choice of venue of the Southern District of New York is correct. PROOF, is

suing only for the breach of the note and its amendment. Complaint. ¶ 12. PROOF is not suing

HFGB for the breach of the escrow agreement or the breach of the securities purchase

agreement. Therefore, those agreements and their terms regarding venue are irrelevant to the

question of venue in front of this Court.

PROOF, further alleges that the closing of transaction took place in New York City. This

is incorrect, the closing took place via email and facsimile. There was no specific date when the

transaction closed. Rather the documents were exchanged via email and fax and HFGB's officers

never had to travel to New York for a closing date. Upon information and belief, after PROOF

received the signed transaction documents from HFGB, it wired the money to HFGB's bank

account in China. After the loan was funded, HFGB wired payments under the note to PROOF's

bank accounts located in both the Southern District and Eastern District.

Plaintiff's argues that the escrow agreement and securities purchase agreement make it

clear that New York City is an appropriate venue. Defendant, has never argued that New York

City is not an appropriate venue[2]. Rather, the defendant argues under the terms of the note, the

Eastern District is the appropriate venue.

---

[2] The Southern District of New York like the Eastern District of New York partly encompasses the City New York. Eastern District of New York "comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk and concurrently with the Southern District, the waters within the counties of Bronx and New York" 28 U.S.C. § 112(c). The Southern District of New York "comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan and Westchester, and concurrently with the Eastern District the waters within the Eastern District." 28 U.S.C. § 112(b).

PROOF asks this Court to decide the motion for summary judgment, before deciding the present motion to change venue. This argument is without merit. HFGB filed and served the motion to change venue first, therefore, this Court should decide this motion first, before deciding PROOF's motion. PROOF, forgets to mention that the issues in front of this Court not only relate to convenience of the forum, but also construction of the promissory note, whereby, PROOF choose the Eastern District of New York as venue for resolution of all disputes.

Applying the appropriate test regarding the change of venue, this action should have been brought in the Eastern District of New York. The note in paragraph 13 specifically states that jurisdiction for any action would be brought in the United States District Court for the Eastern District of New York. The convenience factor also favors the Eastern District of New York. Thus, the Court should grant defendant's motion and this case should be transferred to the Eastern District of New York.

PROOF's argument that HFGB waived this motion by not objecting to venue in its amended answer is without merit. HFGB, filed its motion to change venue before filing its amended answer, as required by Fed. R. Civ. P. 12(b), thereby preserving this question, so that the question of proper venue could be decided by the Court.

While, PROOF's choice of venue is entitled may have been entitled to great weight in normal circumstances. In the present case, this Court should not give PROOF's choice any weight because, it was PROOF that chose Eastern District of New York as venue to resolve disputes between the parties, in the first place, by incorporating it in the promissory note. PROOF, cannot have it both ways. PROOF's argument that the Southern District is more convenient and its choice is entitled to great weight is meritless.

Lastly, PROOF is incorrect in asserting that the locus of the operative facts is the Southern District.[3] The promissory note was negotiated between parties located in Nassau County and China. The transaction documents were signed by parties in Nassau County and China. The One and Half Million Dollars borrowed by HFGB under the note was wired to China by PROOF. The loan payments made by HFGB were wired to bank accounts in both New York County and Nassau County. These facts show that the locus of the operative facts is outside the SDNY. Therefore, the Southern District is not an appropriate venue by any means.

**CONCLUSION**

For the reasons set forth herein, HFGB respectfully requests that this Court grant its motion to transfer this action to the Eastern District of New York along with such further relief that it deems appropriate.

Dated: New York, New York
   November 14, 2011

By: /s/ Man Yam
   Man Yam, Esq.

To: Andrew Solomon (GS 1534)      via ECF
   SULLIVAN & WORCESTER LLP
   Attorney for Plaintiff

---

[3] The only connection that this lawsuit has with the County of New York and the Southern District of New York is that the, plaintiff's attorneys offices are located at 1290 Avenue of the Americas, New York, NY 10104. The plaintiff's attorneys address is not a proper basis for laying venue.