UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PROFESSIONAL OFFSHORE OPPORTUNITY
FUND, LTD.,

                Plaintiff,

-against-                              11 Civ. 4321 (LAK)

HUIFENG BIO-PHARMACEUTICAL TECHNOLOGY, INC.,

                Defendant.
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/11

101026

## MEMORANDUM OPINION

Appearances:

> Andrew Todd Solomon
> Gretchen Schulz Silver
> SULLIVAN & WORCESTER LLP
> *Attorneys for Plaintiff*

> Man C. Yam
> BERNARD & YAM
> *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge.*

       This is an action by plaintiff Professional Offshore Opportunity Fund, Ltd. ("PROOF") to collect on a promissory note executed by defendant Huifeng Bio-Pharmaceutical Technology, Inc. ("Huifeng"). Huifeng, a Nevada corporation based in China, moves to transfer the action, pursuant to 28 U.S.C. § 1404(a), to the Eastern District of New York on the ground that the Eastern District would be more convenient and, in any case, is the only federal venue permitted

by the note's forum selection clause.

## Facts

*The December 17, 2007 Transaction*

On December 17, 2007, Huifeng entered into a Securities Purchase Agreement (the "SPA") by which it agreed to (1) sell to a number of purchasers, including PROOF, 10 percent secured convertible notes and warrants to purchase common stock, and (2) enter into and deliver (a) a pledge agreement among Huifeng and the purchasers in respect of the shares of Northwest BioTechnic, Inc., (b) a pledge agreement among the purchasers and Jing'An Wang, Junchao Wang, and Zhihua Zhang, (c) an escrow agreement in respect of the shares of Jing'An Wang, and (d) a registration and rights agreement among the Huifeng and the purchasers.[1] The SPA does not contain a forum selection clause. The escrow agreement among Huifeng, PROOF and others, however, provides:

> "that any legal suit, action or proceeding arising out of or relating to this Agreement and/or the transactions contemplated hereby shall be instituted exclusively in the New York Supreme Court, County of New York, or in the United States District Court for the Southern District of New York."[2]

The record does not disclose whether the pledge and the registration and rights agreements contain forum selection clauses in their provisions.

---

[1] Solomon Decl. Ex. B.

[2] *Id.* Ex. C, ¶ Q.

3

*The Note*

On December 31, 2007, Huifeng executed a secured convertible promissory note in the principal amount of $1.5 million in favor of PROOF.[3] Paragraph 13 of the note provides in relevant part:

> "The borrower consents that any legal action or proceeding against it under, arising out of, or in any manner relating to this note . . . shall be brought exclusively in any court of the State of New York or <u>in the United States District Court for the Eastern District of New York, in each case in the County of New York</u>."[4]

*Discussion*

*The Effect of the Forum Selection Clause*

It is readily apparent that the forum selection clause is internally inconsistent because it is impossible to bring an action in the Eastern District of New York and in the County of New York, as that county lies entirely in the Southern District of New York. Before proceeding to its meaning, however, it is necessary first to consider its effect, whatever forum it may be deemed to have selected.

A mandatory forum selection clause "require[s] that disputes . . . be brought in the designated forum, to the exclusion of all other fora where jurisdiction may also lie."[5] One of its hallmarks is the incorporation of "obligatory venue language."[6] As paragraph 13 quite plainly is

---

[3] Cpt. Ex. A.

[4] *Id.* (emphasis added).

[5] *Global Sea Foods Inc. v. Bantry Bay Mussels Ltd.*, ___ F.3d ___, No. 08–1358–cv, 2011 WL 4978148, at *2 (2d Cir. Oct. 20, 2011).

[6] *Id.*

4

obligatory, its effect is to render venue improper in any district or forum where it otherwise might have been laid save for the districts and *fora* specified therein. Accordingly, if paragraph 13 properly is construed to designate the Eastern District of New York as well as New York State courts in the County of New York as the only permissible *fora,* venue would be improper in this district.

Improper venue, however, is an affirmative defense that must be raised either by answer or by a Rule 12(b) motion.[7] The failure to do so waives the defense.[8]

In this case, neither Huifeng's answer, filed July 29, 2011, nor its amended answer, filed October 21, 2011 at 9:12 p.m., asserts a defense of improper venue. Its motion to transfer to the Eastern District, also filed October 21, 2001 at 9:12 p.m. seeks a transfer pursuant to 28 U.S.C. § 1404(a), i.e., a transfer in the interest of justice and for the convenience of parties and witnesses. It does not seek dismissal for improper venue under Rule 12(b)(3) or a transfer on the ground of improper venue pursuant to 28 U.S.C. § 1406.  While the forum selection clause is relied upon in the Section 1404(a) motion, the fact remains that Huifeng unmistakably waived the improper venue objection – and thus the forum selection clause – when it filed its original answer last July without asserting the defense. Even if that were not so, it probably waived it independently by failing to assert the defense in its amended answer, to seek dismissal under Rule 12(b)(3), and/or move to transfer for improper venue under 28 U.S.C. § 1406 although the decision need not rest on that ground in view of the clear waiver in July.

Huifeng would be no more successful with the forum selection argument even if it

---

[7] FED. R. CIV. P. 12(b)

[8] *Id.* Rule 12(h)(1).

had not waived the point. The forum selection clause in paragraph 13 of the note is patently ambiguous for reasons discussed above. In such circumstances, a contract may be construed in light of extrinsic evidence and its meaning almost always presents an issue of fact. Where, however, "there is relevant extrinsic evidence, but the extrinsic evidence creates no genuine issue of material fact and permits interpretation of the agreement as a matter of law," summary judgment is appropriate.[9]

In this case, all of the evidence points to the conclusion that the intention of the parties was to specify the Southern, not the Eastern, District of New York as the exclusive federal forum. Paragraph 13 restrict suits to state and federal courts, "in each case in the County of New York." As the Southern, but not the Eastern, District includes the County of New York, there is no reasonable conclusion to be drawn but that the use of the word Eastern was a scrivener's error.

This conclusion is buttressed by the fact that the note was executed in December 2007 as one of a series of transactions that included the escrow agreement among Huifeng, PROOF and others. The escrow agreement unambiguously selected the New York Supreme Court in New York County and the Southern District of New York as the exclusive *fora* – a choice that strongly supports the view that the reference in the note to Eastern rather than Southern was simply a mistake.

Finally, this conclusion finds support also in the fact that Huifeng has come forward with no evidence to support the claim that the Eastern District of New York was the intended federal forum. The best it has done is to make the unsworn assertion that PROOF drafted the note and that

---

[9] *Faulkner v. Nat'l Geog. Soc'y*, 452 F. Supp.2d 369, 375-76 (S.D.N.Y. 2006), (citing *NYCAL Corp. v. Inoco PLC*, 988 F. Supp. 296, 299 (1997), and *Shepley v. New Coleman Holdings Inc.*, 174 F.3d 65, 72 (2d Cir.1999)), aff'd, *Ward v. Nat'l Geog. Soc'y*, 284 Fed. Appx. 822 (2nd Cir. 2008).

Huifeng therefore should benefit from the maxim that ambiguities should be construed against the drafter. But there in fact is no evidence as to how paragraph 13 of the note came to be. In any case, the other evidence referred to above is sufficiently compelling that the maxim *contra proferentem* would not suffice to raise a genuine issue of material fact even if there were evidence that the provision was drafted by PROOF.

In sum, the Court holds that (a) Huifeng has waived any protection afforded by the forum selection clause against being sued in this Court and, in any case, (b) the forum selection clause makes the Southern District of New York the only proper federal forum.

*The Section 1404(a) Transfer Motion*

Given the Court's alternative conclusion that the forum selection clause excludes the Eastern District of New York as a proper venue for this action, the suit could not have been brought in that district. As the threshold showing required for a successful Section 1404(a) motion is a showing that the suit could have been brought in the proposed transferee district, Huifeng's motion fails at that step. But it would fail even if that were not so, as there is no compelling argument that the convenience of parties and witnesses and the interests of justice would be served by moving this action from a courthouse at one end of the Brooklyn Bridge to the other or, for that matter, even to a courthouse in Central Islip.

7

*Conclusion*

Huifeng's motion to transfer this action to the Eastern District of New York [DI 10] is denied in all respects.

SO ORDERED.

Dated:    November 15, 2011

_____
Lewis A. Kaplan
United States District Judge