UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X    Docket No. 1:11-cv-4321(LAK)
PROFESSIONAL OFFSHORE OPPORTUNITY
FUND, LTD., a company registered under the laws
of the British Virgin Islands,
                                          Plaintiff(s),

-against-

HUIFENG BIO-PHARMACEUTICAL
TECHNOLOGY, INC., a Nevada corporation,
                                           Defendant(s)
-------------------------------------------------------------X


**Defendant's Memorandum of Law in Opposition to Plaintiff's
Motion for Summary Judgment**



Dated: New York, New York
          November 29, 2011


/s/ Man Yam
Bernard & Yam, LLP
Attorney for Defendant
401 Broadway
Suite 1708
New York, NY 10013
T: (212) 219-7783

i

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST WITH REGARD TO ESSENTIAL ELEMENTS OF PLAINTIFF'S CASE. . . . . . . . . . . . . . . . . 3

    II.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BASED ON THE FACTS SET FORTH IN DEFENDANT'S RULE 56(d) AFFIDAVIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.    DEFENDANT'S HAS MET ALL OF THE REQUIREMENTS OF RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE . . . . . . . . . 7

        B.    A WELL-DEVELOPED FACTUAL RECORD IS ESSENTIAL TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION. . . . . . . . . .8

        C.    NO HARM OR PREJUDICE WILL RESULT TO PLAINTIFF IF DEFENDANT IS GRANTED A CONTINUANCE TO CONDUCT DISCOVERY IN THIS MATTER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    III.    PLAINTIFF IS PROHIBITED UNDER NY BCL §1312 FROM MAINTAINING THIS ACTION AS IT IS A FOREIGN CORPORATION DOING BUSINESS IN NEW YORK STATE WITHOUT AUTHORITY. . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

<br>

## **TABLE OF AUTHORITIES**

### Cases

Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004) .................5
Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ..............................3, 5, 6
BellSouth Telecomms. Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996) ...........6
Cal. On Behalf of Cal. Dept of Toxic Substances Control v. Campbell,
138 F3d 772 (9th Cir. 1998) ..................................................7
D'Amico v. City of New York, 132 F.3d 145 (2d Cir.1998) ............................ 4
Donahue v. Windsor Locks Board of Fire Commissioners, 834 F.2d 54 (2nd Cir. 1987) .......3
Family Home and Finance Center, Inc., v. Federal Home Loan Mortgage Corp.,
525 F3d 822 (9th Cir. 2008) ..................................................7
Gallo v. Prudential Residential Services, LP, 22 F.3d 1219 (2nd Cir. 1994)................3, 5
Golden Pacific Bancorp. v. F.D.I.C., 317 F.3d 196 (2nd Cir. 2004) ...................... 4
Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005) .................................5
Matsushita Elec. Indus. Co. v. Zenith Radio Corps, 475 U.S. 574(1986) ..............4, 5, 6
Netherlands Shipmortgage Corp., Ltd v. Madias, 717 F.2d 731 (2nd Cir., 1983)............13
Pennsylvania State Police v. Suders, 542 U.S. 249 (2004) ..............................3
R.G. Group Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984)...................6
The Mid-South Grizzlies v. The National Football League, 720 F2d 772 (3rd Cir. 1983)......7
Union Brokerage Co. v. Jensen, 322 U.S. 202 (1944)..................................13
Woodman v. WWOR-TV, Inc., 411 F.3d 69 (2nd Cir. 2005) ............................ 4
Woods v. Interstate Realty Co., 337 U.S. 535, (1949) .................................13
Ziemba v. Clark, 2006 WL 354422, *1 (2 Cir. Apr. 4, 2006) ............................4

### Statutes

Fed. R. Civ. P. Rule 56. ...............................................passim
N.Y. Bus. Corp. Law §1312. . .    ..................................11, 12, 13, 14

## **PRELIMINARY STATEMENT**

In this action for breach of contract of a promissory note, defendant, Huifeng Bio-Pharmaceutical Technology, Inc. (hereinafter "HFGB") opposes the plaintiff's Professional Offshore Opportunity Fund, Ltd. (hereinafter "PROOF") motion for summary judgment on the on the grounds that there are genuine issues of material fact that preclude the granting of the summary judgment to the plaintiff at this time.

This case was commenced on or about June 7, 2011. Defendant filed an answer on or about July 29, 2011. After an initial conference with the Court, Defendant filed an amended answer on or about October 21, 2011. At the initial conference held on October 7, 2012, the Court issued an oral scheduling order which was later put in written form, whereby discovery was to be concluded by March 31, 2012 and summary judgment motions were to be served by April 14, 2012. Less than two (2) weeks later on or about November 2, 2011, plaintiff filed the instant motion for summary judgment[1], prior to discovery being concluded in this matter.

Notwithstanding the premature nature of the application, the motion for summary judgment must be denied in its entirety, as most material facts remain in dispute.

In the alternative, plaintiff's motion must respectfully be denied and/or carried until such time as all necessary discovery is conducted so as to provide a complete factual record upon which an adequate opposition can be based.

## **STATEMENT OF FACTS**

On December 31, 2007, Lenders including PROOF, entered into a Security Purchase Agreement which included a Secured Convertible Promissory Note and Escrow Agreements with HFGB.

---

[1] At the October 7, 2012, initial conference the plaintiff stated it wanted to file a motion for summary judgment after the defendant filed its amended answer on October 21, 2011 and the Court worked out a schedule.

1

Although the Secured Convertible Promissory Note stated that the amount of principal lent by PROOF to HFGB was $1,500,000.00, HFGB only received $1,237,875.00 from PROOF.

PROOF withheld $150,000.00 from the principal and never released the funds to HFGB and deposited it into its attorneys escrow account. PROOF acted in bad faith in refusing to release $150,000.00 which is held in their attorney's (Sullivan & Worcester LLP) escrow account for Investment Relations. HFGB's numerous demand to the release of the escrow funds were ignored. Moreover, PROOF has charged and HFGB has paid interest since 2008 on the $150,000.00 that was in the escrow account and never made available for HFGB's use.

On December 24, 2009, HFGB and other Lenders including Professional Offshore Opportunity Fund, Ltd. (PROOF) entered into an agreement, the Amendment To Secured Convertible Promissory Notes (Amended Note), to amend certain provisions of the Secured Convertible Promissory Notes dated December 31, 2007 ("Note").

It was also mutually understood that HFGB, at its option, could choose to pay back PROOF either in cash or in company stock. Further, it was mutually understood that Amendment would relieve HFGB of the obligations to the net income performance targets set forth on the Escrow agreement dated December 31, 2007.

On December 24, 2009, as consideration for the Lenders to enter in to agreement of the Amended Note, HFGB gave PROOF 375,000 shares of HFGB Common Stock and 75,000 shares of HFGB Common Stock to the other Lenders.

In June 2010, the parties entered into the Settlement Agreement and Release. On July 15, 2010, PROOF received 675,000 share of HFGB stock to settle the interest on the "Note" as well as other issues with respect to the net income as described in the Escrow Agreement.

In total HFGB has paid PROOF $1,244,864.00 in cash and 1,050,000 of HFGB stock.

2

The monies paid by HFGB to PROOF were wired to PROOF's bank accounts located in New York. A calculation of the monies paid, shows that since the amendment was signed by the parties, HFGB paid $939,864.58 to PROOF. The payments were made at dates which are inconsistent with the dates as alleged by PROOF.

In certain months, HFGB overpaid extra money to PROOF to reduce the principal. PROOF did not apply the overpayment to the principal. As per the complaint filed by PROOF, it did not give credit to HFGB for the overpayment. PROOF in its complaint demanded a judgment $697,500.00 from HFGB when in fact HFGB owed less than $450,000.00 to PROOF.

Defendant also incorporates by reference all the previous submissions made by it in the present case.

**ARGUMENT**

The Second Circuit has held that on a motion for summary judgment, a court "cannot try issues of fact; it can only determine whether there are issues to be tried." Donahue v. Windsor Locks Board of Fire Commissioners, 834 F.2d 54, 58 (2nd Cir. 1987) (internal quotes omitted); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Gallo v. Prudential Residential Services, Limited Partnership, 22 F.3d 1219, 1224 (2nd Cir. 1994). In the case at bar there are several issues of material facts, specifically the most important the payments made by defendant to plaintiff, the dates of these payments and the credit given to the defendant for the payments made.

Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248 (1986); accord. Pennsylvania State Police v. Suders, 542 U.S. 249 (2004). Hence, once a moving party has made a prima facie case, as the Second Circuit reiterated, the non-

moving party must respond with "specific facts showing that there is a genuine issue for trial Golden Pacific Bancorp v. F.D.I.C., 375 F.3d 196, 199 (2d Cir. 2004). Reliance on "conclusory statements or mere allegations, is insufficient to defeat a summary judgment motion." Ziemba v. Clark, 2006 WL 354422, *1 (2 Cir. Apr. 4, 2006).

A non-moving party cannot avoid summary judgment simply by asserting a "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corps, 475 U.S. 574, 586 (1986). Instead, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Golden Pacific Bancorp v. F.D.I.C., 375 F.3d 196, 200 (2d Cir. 2004) ("[T]he non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." (Quoting D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir.1998)). Woodman v. WWOR-TV, Inc., 411 F.3d 69, 75 (2nd Cir. 2005).

In the present case, the defendant who is the non-moving party has provided the Court with sufficient facts and details that show that there are genuine issues of material facts which should lead the Court to deny plaintiff's motion for summary judgment. More specifically, plaintiff alleges that the first payment made by the defendant was on April 30, 2010 pursuant to the amended note in the amount of $37,485.00. This is incorrect, the first payment made by the defendant was on March 31, 2010 in the amount of $37,500.00. The facts, exhibits, affidavits and declarations provided by the defendant are not mere speculative or conclusory allegations, rather they provide hard evidence to the Court as required under the Second Circuit's holdings.

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

4

material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. Fed. R. Civ. P. 56(a). The motion may be filed within 30 days after close of all discovery. Fed. R. Civ. P. 56(b).

A fact is "material" for these purposes if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, an interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages. See Fed. R. Civ. P. 56(d)(2).

Federal courts have further defined the litigants' burdens, which accompany a motion for summary judgment brought pursuant to Rule 56(c). Specifically, the moving party bears the burden of showing that it is entitled to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). Based on these standards, it is evident that the court's duty is confined to issue finding, not issue resolving. Gallo v. Prudential Residential Services, L.P., 22 F.3d 1219, 1224 (2d Cir. 1994). In evaluating whether the movant has satisfied its burden, the court is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments. Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); Anderson, 477 U.S. at 248.

Once the moving party has met its burden, the opposing party must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., 475 U.S. at 586. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50.

The mere existence of some alleged factual dispute between the parties alone will not defeat a properly supported motion for summary judgment. Id. at 247-48.

Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth concrete particulars showing that a trial is needed. R.G. Group Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984). Put another way, it is insufficient for a party opposing summary judgment merely to assert conclusion without supplying supporting arguments or facts. BellSouth Telecomms. Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996). If the adverse party does not respond in accordance with the aforementioned standards, summary judgment, if appropriate, shall be entered against the adverse party. See Fed. R. Civ. P. 56(e).

Affidavits submitted by either party in support of its position must be based upon personal knowledge. See Fed. R. Civ. P. 56(e). However, if the non-movant shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (i) deny the motion; (ii) order a continuance to enable affidavits to be obtained, depositions to be take, or other discovery to be undertaken; or (iii) issue any other just order. Fed. R. Civ. P. 56(d).

## II.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BASED ON THE FACTS SET FORTH IN DEFENDANT'S RULE 56(d) AFFIDAVIT

In the alternative, defendant Huifeng Bio-Pharmaceutical Technology, Inc., respectfully submits that the plaintiff's motion for summary judgment and other relief should be denied in its

entirety, or at least carried or continued, until such time as all essential discovery has been conducted.

    A.    DEFENDANT'S HAVE MET ALL OF THE REQUIREMENTS OF RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE

"In order to obtain relief under Rule 56(d), the movant 'must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" Family Home and Finance Center, Inc., v. Federal Home Loan Mortgage Corp., 525 F3d 822, 827 (9th Cir. 2008)(citing Cal. On Behalf of Cal. Dept of Toxic Substances Control v. Campbell, 138 F3d 772, 779 (9th Cir. 1998); see also, The Mid-South Grizzlies v. The National Football League, 720 F2d 772, 779 (3rd Cir. 1983)(where affidavits are filed setting forth specific reasons why movant's affidavits in support of summary judgment cannot be adequately responded to and the facts are in possession of the movant, a continuance of the motion for discovery purposes should be granted almost as a matter of course.)

Each Rule 56(d) requirement has been met here: Defendant Huifeng Bio-Pharmaceutical Technology, Inc. has presented a thorough affidavit that it will need discovery on several points to adequately oppose plaintiff's motion for summary judgment. See Declaration of Jing'an Wang ¶15.

Defendant also explained that most of these necessary facts do exist now, as certainly Wang must be able to testify as to whether or not he did or did not pay the monies owed to plaintiff. Similarly, Wang will be able to testify as to how much cash and how much stock was paid to plaintiff as principal and as interest to the Note. In addition, a non-party or an expert may be able to describe, as will perhaps Wang and plaintiff's attorney Andrew Solomon, whether or not plaintiff charged HFGB interest on the $150,000.00 that was held in plaintiff's attorney

escrow account. This issue obviously goes toward the burden of showing intentional, knowing and willful action.

The defendant has also shown that these sought-after facts through discovery are essential to adequately oppose plaintiff's motion for summary judgment. For example, defendant has shown that it has no way of showing whether or not plaintiff applied HFGB overpayment of funds to the principal or the interest on the Note. Certainly, HFGB had certified that it applied the funds to the interest, but it fails to specify under which paragraph of the Note it took this action. The actual issue could more concretely be addressed by simply posing the query to PROOF, either through interrogatory or deposition.

### B.   A WELL-DEVELOPED FACTUAL RECORD IS ESSENTIAL TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION

In opposing the plaintiff's motion, the defendant can only rely upon facts that are in the record, which means that, at this point, they are left to their own personal knowledge upon which to base an opposition. If in reply to the defendant's opposition, the plaintiff attempts to argue that the defendant's had not presented enough to show actual and genuine issue of material fact, then that will only serve to further bolster and prove the need for relief under Rule 56(d).

At this point in the litigation, nothing has been done other than the filing of pleadings and some exchange of document discovery. The responsive pleadings were filed on or about July 29, 2011, and amended on October 21, 2011. The plaintiff filed its instant motion for summary judgment on November 2, 2011. In those three short months, the initial conference with the Court was conducted on October 7, 2011. Although, the parties have conferred and exchanged some discovery, depositions have not begun. As a result, the factual record in this matter woefully incomplete.

Previously, plaintiff had on August 22, 2011 served a notice of deposition to depose the defendant's President and CEO Jian'an Wang on September 22, 2011. This deposition has not been conducted.

On October 26, 2011, defendant served a subpoena to testify on Andrew Solomon, the plaintiff's attorney to conduct his deposition on November 4, 2011. In a letter dated, November 1, 2011, Mr. Solomon objected to the subpoena's attempt to turn him into a fact witness and he proposed that he would provide the defendant with a business record affidavit to authenticate the documents in the defendant's possession. Defendant agreed to review Mr. Solomon's affidavit and then determine whether Mr. Solomon's deposition was necessary.

Defendant served a deposition notice on or about November 2, 2011 on the plaintiff to depose Howard Berger, the investment manager for PROOF. His deposition was noticed for November 17, 2011.

On November 11, 2011, Plaintiff responded to the defendant's deposition notice proposing that the parties defer deposition discovery until the plaintiff's motion for summary judgment and defendant's motion to change venue were decided[2]. As of yet, no deposition discovery has been conducted in this case.

Given the very brief procedural history in this matter, defendants respectfully submit that they have not been dilatory or less than diligent in pursuing discovery in this matter.

Considering that a Scheduling Order has been issued, the defendant certainly has not waived or sat on its right to discovery, nor should it be altogether deprived of same. Under Rule 56(d), the defendant is entitled to pursue discovery to fully explore the contentions and accusations relied upon by plaintiff.

---

[2] On November 15, 2011, the Court denied defendant's motion to change venue. See Docket Entries # 23 & 24.

The plaintiff has boldly alleged that the defendant has breached the promissory note, even though it has received $1,244,864.00 in cash for payment of principal and interest since December 31, 2007 and 1,050,000 of HFGB stock to date. Such allegations can only be refuted by defendant by way of competent, reliable, first-hand knowledge, which the record is clearly devoid of.

This is a diversity action alleging breach of contract by defendant and this case attempts to enforce a promissory note. The burden placed upon the defendant in defending its alleged breach is heavy, and the potential monetary penalty faced by the defendant is severe. Certainly, the goal of the court and the litigants should be to create and develop a detailed, impressive factual record consisting of first-hand witness testimony and the testimony of experts, where necessary. The desire to develop a formidable evidentiary and factual record should be automatic in a case such as this, where the penalties and damages are so substantial and the calculation of money and stock paid by the defendant pursuant to the promissory note to the plaintiff in dispute and essential to the resolution of the case.

Through proper discovery, the defendant expects to provide the court with the quality and reliability of objective, pertinent evidence that any motion for, or opposition to, summary judgment should be based upon. The Court's decision must be based upon a secure and complete record, and Rule 56(d) ensures that the defendant receives an adequate opportunity to develop that record.

C. <u>NO HARM OR PREJUDICE WILL RESULT TO PLAINTIFF IF DEFENDANT'S IS GRANTED A CONTINUANCE TO CONDUCT DISCOVERY IN THIS MATTER</u>

Notwithstanding the fact that the right to conduct discovery has never been waived or relinquished in this matter, it nevertheless bears noting that relief plaintiff seeks is monetary, such that no prejudice or irreparable harm to the plaintiff could result from the denial and/or

10

continuance of the plaintiffs motion for summary judgment pursuant to the provisions of Rule 56(d).

### III. PLAINTIFF IS PROHIBITED UNDER NY BCL §1312 FROM MAINTAINING THIS ACTION AS IT IS A FOREIGN CORPORATION DOING BUSINESS IN NEW YORK STATE WITHOUT AUTHORITY

This action is prohibited because the plaintiff is a foreign corporation, formed and organized under the laws of the British Virgin Islands, and was at the time of commencement of this action, doing business in New York State without authority, and hence is prohibited by §1312 of the New York Business Corporation Law of this State from maintaining this action.

It is well settled law in New York, that under N.Y. Bus. Corp. Law §1312(a), "a foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute ... " *(Emphasis added)*.

Plaintiff alleges in its Complaint that it is a "foreign company organized under the British Virgin Islands Companies Act, 2004, see Compl. at 2, and that it "maintains its principal place of business in the British Virgin Islands." See Compl. at 2. Plaintiff admittedly states in paragraph 2 of the complaint that it is an offshore investment fund.

In paragraph 4 of the declaration of Howard Berger, plaintiff states that that it is in the business of investing primarily in micro-capitalized companies located throughout the United States and in foreign countries. Paragraph 4 further goes on to state "PROOF's investment manager is Professional Offshore Traders Management, LLC ("POTM"), a New York limited liability company located in Westbury, New York that is authorized to do business in the State of New York. From its New York office, POTM directs PROOF's investments."

11

However plaintiff, a foreign corporation, is not authorized to do business in this State, a prerequisite to maintaining a lawsuit in the State of New York generally, and in this District specifically.

In fact, a quick search on the New York State Department of State website indicates that plaintiff is not registered in the State of New York nor is it authorized to do business in this State. Moreover a search of the docket of the Federal Courts in New York reveals that Plaintiff previously has filed PROOF v. Amerex Group, Inc., Docket # 5643-08 (SDNY) and PROOF v. Franklin Towers Enterprises, Inc., Docket # 08-3767 (SDNY) in this Court.

Furthermore, a search of the docket in the Courts of the State of New York reveals that plaintiff is a party in PROOF v. Zealous Trading Group, Index # 650260/2008 (NY County), PROOF v. National Maintenance Group, Index # 601039/2009 (NY County), PROOF v. Infosmart Group, Index # 112894/2010 (NY County), PROOF v. Braider, Et. Al., Index # 008296/2011 (Suffolk County) and Global Home Group, LLC v. PROOF, Index # 023805/2009 (Suffolk County)[3].

These facts clearly show that plaintiff is a litigious party involved in at least 8 different lawsuits in the New York Courts since 2008. These facts showed that plaintiff is availing itself of the benefits of both the Federal and State Courts in New York. Therefore, plaintiff has the requisite contacts with New York and its conducting business in New York and therefore should

---

[3] In this case PROOF filed a confession of judgment against Global in the Suffolk County Clerk's office. Global moved for a preliminary injunction and sought to vacate the confession of judgment. PROOF cross-moved to dismiss the action pursuant to CPLR §306-b for Global's failure to serve the Summons & Complaint upon PROOF within 120 days of its filing. The Supreme Court granted PROOF's motion to dismiss. It is interesting to note that apparently PROOF did not move to dismiss for lack of personal jurisdiction as it claims to be a foreign corporation without the requisite contacts with New York State. A copy of the Supreme Court's decision with the facts and procedural history is annexed as Exhibit K to Yam Declaration. Therefore, in the present case, PROOF should not be allowed to argue that BCL §1312(a) does not bar it from proceeding with this action.

be registered as a foreign corporation with the New York State Department of State and falls under BCL 1312(a).

Plaintiff, a foreign corporation, brings this action in this District on the basis of diversity. In its Complaint, plaintiff states that it is a corporation organized under the laws of British Virgin Islands and maintains its principal place of business in the British Virgin Islands. See Compl. at 2 and 4. However, its alleged lending of money to defendant is not its first and only transaction in New York. See Yam Decl. regarding the extent of plaintiffs corporate activity in the State.

Plaintiff has therefore been involved in intrastate commerce in the State of New York and it has permanently, continuously and regularly conducted business in the State of New York without obtaining a Certificate of Authority to conduct business in New York. See Yam Decl. Therefore, under State law applicable here, plaintiff is precluded from bringing this action in the State of New York, in either State or Federal Courts. In Netherlands Shipmortgage Corp., Ltd v. Madias, 717 F.2d 731 (2nd Cir., 1983), the Second Circuit clearly stated that "because jurisdiction rests on diversity, **B.C.L. §1312** precludes the maintaining of an action by an unauthorized foreign corporation **not only in the state courts of New York but also in the federal courts located in that state.** Woods v. Interstate Realty Co., 337 U.S. 535, (1949)." (Emphasis added).

In order to determine whether a foreign corporation is doing business in the State, "New York courts more commonly have based their decisions on the extent, both quantitative and qualitative, of the corporation's activities in the state. In so doing, the courts have followed an approach recognized by the Supreme Court in Union Brokerage Co. v. Jensen, 322 U.S. 202 (1944)." Here, the Complaint and the papers submitted in support of its motion for summary judgment, itself allege substantial and continuous business dealings in the State of New York.

PROOF, of course denies these contentions and alleges that it has no relation to New York, other than it being the location of its manager, POTM and engaging counsel and having bank accounts in New York. PROOF claims that these minor activities do not require it to register as a foreign corporation doing business in New York.

Therefore, since PROOF failed to meet the prerequisite requirement under **B.C.L. §1312(a)** prior to having recourse to New York courts, it did not have standing to bring this action and its motion for summary judgment should be denied.

At the bare minimum, it is appropriate that further discovery be conducted into the plaintiff's contacts with New York to determine it engages in business in New York and whether BCL §1312(a) applies to it.

## CONCLUSION

For the foregoing reason, this Court should deny the plaintiff's motion for summary judgment against the defendant and dismiss all claims against it, along with awarding costs, disbursements, legal fees and such other and further relief that this Court may deem just.

Dated: New York, New York
November 29, 2011

/s/ Man Yam
Man Yam