UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Docket No. 1:11-cv-4321(LAK)
PROFESSIONAL OFFSHORE OPPORTUNITY           ECF
FUND, LTD., a company registered under the laws
of the British Virgin Islands,
                                                 Plaintiff(s),

-against-

HUIFENG BIO-PHARMACEUTICAL
TECHNOLOGY, INC., a Nevada corporation,
                                                 Defendant(s)
------------------------------------------------------------X

### Defendant Huifeng Bio-Pharmaceutical Technology, Inc.'s Response to Plaintiff Professional Offshore Opportunity Fund, Ltd.'s Statement of Material Facts

Defendant Huifeng Bio-Pharmaceutical Technology, Inc.'s, (hereinafter "HFGB") submits the following statement in response to plaintiff Professional Offshore Opportunity Fund, Ltd.'s (hereinafter "PROOF") statement of material facts.

1. Defendant lacks knowledge sufficient to form a belief as to the plaintiff's statement in paragraph 1.

2. Defendant lacks knowledge sufficient to form a belief as to the plaintiff's statement in paragraph 2.

3. Defendant lacks knowledge sufficient to form a belief as to the plaintiff's statement in paragraph 3.

4. Admitted.

5. Admitted.

6. Admitted.

7. Disputed, Defendant did not agree that it did not have an option to pay principal with stock. [See Note §1(b)].

8. Admitted.

9. Admitted.

10. Disputed, Defendant's CEO Jing'an Wang was not in default of his obligation. [See Settlement Agreement Recitals].

11. Disputed.

12. Disputed.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Disputed. HFGB transferred 675,000 of freely tradable shares to settle the interest on the "Note". [ See Wang Declaration]

18. Admitted.

19. Disputed. The amendment to the Note does not state that the 375,000 shares granted to PROOF constituted additional consideration.

20. Admitted.

21. Disputed.

22. Disputed. Defendant has to date paid $938,450.91 in principal to plaintiff. The unpaid principal is $561,549.09.

Dated: New York, New York
November 29, 2011

/s/ Man Yam
Man Yam
Bernard & Yam, LLP
401 Broadway, Suite 1708
New York, NY 10013
T: 212.219.7783
F. 212.219.3604

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X     Docket No. 1:11-cv-4321(LAK)
PROFESSIONAL OFFSHORE OPPORTUNITY              ECF
FUND, LTD., a company registered under the laws
of the British Virgin Islands,
                                        Plaintiff(s),

-against-

HUIFENG BIO-PHARMACEUTICAL
TECHNOLOGY, INC., a Nevada corporation,
                                        Defendant(s)
----------------------------------------------------------X

### Defendant Huifeng Bio-Pharmaceutical Technology, Inc.'s Supplemental Statement of Material Facts In Opposition to Plaintiff Professional Offshore Opportunity Fund, Ltd.'s Motion for Summary Judgment

Defendant Huifeng Bio-Pharmaceutical Technology, Inc.'s, (hereinafter "HFGB") submits the following supplemental statement in addition to plaintiff Professional Offshore Opportunity Fund, Ltd.'s (hereinafter "PROOF") statement of material facts.

1. Defendant has to date paid $1,244,865.00 in cash to the plaintiff under the promissory note, the amendment to the note and the settlement agreement. [Declaration of Jing'an Wang ("Wang Decl.") at ¶ 13].

2. Defendant has to date transferred 1,050,000 shares of common stock to the defendant under the promissory note, the amendment to the note and the settlement agreement. [Id. at ¶ 13].

3. Plaintiff and its attorneys drafted all the closing documents and the documents related to the amendment of note.

4. After the plaintiff received the signed and executed closing documents, it transferred $1,237,875.00 to the defendant. [Wang Decl. at ¶ 3].

5. The promissory note was negotiated between parties located in New York and China.

6. The transaction documents were signed by parties in New York and China.

7. Although the Secured Convertible Promissory Note stated that the amount of principal lent by PROOF to HFGB was $1,500,000.00, HFGB only received $1,237,875.00 from PROOF. [Wang Decl. at ¶ 3].

8. PROOF withheld $150,000.00 from the principal and never released the funds to HFGB and deposited it into its attorney's (Sullivan & Worcester LLP) escrow account for Investment Relations. [Wang Decl. at ¶ 4].

9. HFGB's made numerous demands to PROOF to effectuate the release of the escrow funds. These demands were ignored by PROOF. [Wang Decl. at ¶ 5].

10. PROOF has charged and HFGB has paid interest since 2008 on the $150,000.00 that was in the escrow account and never made available for HFGB's use. [Wang Decl. at ¶ 6].

11. It was also mutually understood that HFGB, at its option, could choose to pay back PROOF either in cash or in company stock. [Wang Decl. at ¶ 8].

12. Further, it was mutually understood that Amendment would relieve HFGB of the obligations to the net income performance targets set forth on the Escrow agreement dated December 31, 2007. [Wang Decl. at ¶ 9].

13. On December 24, 2009, as consideration for the Lenders to enter in to agreement of the AMENED NOTED, HFGB gave PROOF 375,000 shares of HFGB Common Stock and 75,000 shares of HFGB Common Stock to the other Lenders. [Wang Decl. at ¶ 10].

14. On July 15, 2010, PROOF received 675,000 share of HFGB stock to settle the interest on the "NOTE" as well as other issues with respect to the net income as described in the Escrow Agreement. [Wang Decl. at ¶ 12].

15. In total HFGB has paid PROOF $1,244,864.00 in cash and 1,050,000 of HFGB stock. [Wang Decl. at ¶ 13].

16. Several months, HFGB overpaid, extra money to PROOF to reduce the principal. PROOF did not apply the overpayment to the principal. [Wang Decl. at ¶ 14].

17. PROOF has not given credit to HFGB for the overpayment. [Id. at ¶ 14]

18. PROOF in its complaint demanded a judgment $697,500.00 from HFGB, which is incorrect because the attached exhibits show that HFGB has already paid at least $939,864.58 in cash, separate from transfer of stock to PROOF, since the amendment to the Note was signed in December 24, 2009. [Exhibit D, wire transfer payment receipts].

Dated: New York, New York
November 29, 2011

/s/ Man Yam
Man Yam, Esq.
Bernard & Yam, LLP
401 Broadway, Suite 1708
New York, NY 10013
T: 212.219.7783
F. 212.219.3604