UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   Docket No. 1:11-cv-4321(LAK)
PROFESSIONAL OFFSHORE OPPORTUNITY       ECF
FUND, LTD., a company registered under the laws
of the British Virgin Islands
          Plaintiff(s),
   -against-         **DECLARATION OF**
                **MAN YAM**
HUIFENG BIO-PHARMACEUTICAL
TECHNOLOGY, INC., a Nevada Corporation
          Defendant(s)
-------------------------------------------------------------X

  Man Yam, an attorney admitted to practice in the Courts of the State of New York and in the United States District Court for the Southern District of New York declares pursuant to 28 U.S.C. §1746 and under penalty of perjury that the following is true and correct:

1. I am the attorney for defendant HUIFENG BIO-PHARMACEUTICAL TECHNOLOGY, INC. ("HFGB') and as such, I am familiar with the matters set forth herein. I submit this declaration in support of the defendant's opposition to plaintiff's motion for summary judgment and other relief.

2. This is a breach of contract action, whereby the plaintiff has alleged that the defendant breached a promissory note.

3. The defendant has denied all of the plaintiff's allegations.

4. The court is respectfully referred to the Declaration of Jean'an Wang submitted in support of defendants' opposition. According to the certified statements contained therein, defendant paid PROOF $1,244,864.00 in cash and 1,050,000 of HFGB stock.

5. As set forth in both the defendant's Counter-statement of material facts and in defendant's Memorandum of Law attached hereto, it is respectfully submitted that the Wang

declarations evidence genuine issues of material fact which thereby preclude the entry of summary judgment in this matter.

6. Notwithstanding the existence of genuine issues of material fact, the defendants also respectfully argue that the plaintiff's motion for summary judgment is grossly premature, as limited document discovery has been exchanged between the parties, but no deposition discovery has yet been conducted.

7. Moreover, plaintiff in its papers in support of its motion states it does not conduct business in New York and has no employees in New York. However, plaintiff does not offer any support for these self-serving statements.

8. Plaintiff alleges in its Complaint that it is a "foreign company organized under the British Virgin Islands Companies Act, 2004, see Compl. at 2, and that it "maintains its principal place of business in the British Virgin Islands." See Compl. at 2. Plaintiff admittedly states in paragraph 2 of the complaint that it is an offshore investment fund.

9. In paragraph 4 of the declaration of Howard Berger, plaintiff states that that it is in the business of investing primarily in micro-capitalized companies located throughout the United States and in foreign countries. Paragraph 4 further goes on to state "PROOF's investment manager is Professional Offshore Traders Management, LLC ("POTM"), a New York limited liability company located in Westbury, New York that is authorized to do business in the State of New York. From its New York office, POTM directs PROOF's investments."

10. However plaintiff, a foreign corporation, is not authorized to do business in this State, a prerequisite to maintaining a lawsuit in the State of New York generally, and in this District specifically. In fact, a quick search on the New York State Department of State

website indicates that plaintiff is not registered in the State of New York nor is it authorized to do business in this State.

11. A quick check of the Federal Court docket on the website http://www.jusita.com, shows that the present lawsuit is the third lawsuit filed by the plaintiff in the United States District Court, Southern District of New York[1]. A copy of the website's printout is attached as Exhibit A.

12. A quick check of the New York State Court's website shows that the plaintiff is a party in 5 separate lawsuits in the Supreme Court of the State of New York, County of New York and County of Suffolk[2]. A copy of the website's printout is attached as Exhibit B.

13. In Global Home Group, LLC v. PROOF, Index # 23805/09, PROOF filed a confession of judgment against Global in the Suffolk County Clerk's office. Global moved for a preliminary injunction and sought to vacate the confession of judgment. PROOF cross-moved to dismiss the action pursuant to CPLR §306-b for Global's failure to serve the Summons & Complaint upon PROOF within 120 days of its filing. The Supreme Court granted PROOF's motion to dismiss. Apparently PROOF did not move to dismiss for lack of personal jurisdiction as it claims to be a foreign corporation without the requisite contacts with New York State. A copy of the Supreme Court's decision with the facts and procedural history is annexed as Exhibit C. Therefore, in the present case, PROOF should

---

[1] Plaintiff previously has filed PROOF v. Amerex Group, Inc., Docket # 5643-08 (SDNY) and PROOF v. Franklin Towers Enterprises, Inc., Docket # 08-3767 (SDNY).

[2] Plaintiff is a party in PROOF v. Zealous Trading Group, Index # 650260/2008 (NY County), PROOF v. National Maintenance Group, Index # 601039/2009 (NY County), PROOF v. Infosmart Group, Index # 112894/2010 (NY County), PROOF v. Braider, Et. Al., Index # 008296/2011 (Suffolk County) and Global Home Group, LLC v. PROOF, Index # 023805/2009 (Suffolk County).

not be allowed to argue that BCL §1312(a) does not bar it from proceeding with this action.

14. Furthermore, it is appropriate that further discovery be conducted into the plaintiff's contacts with New York to determine it engages in business in New York and whether BCL 1312(a) applies to it.

15. Hence, pursuant to Rule 56(f), the defendant, alternatively, respectfully requests that the plaintiff's application be adjourned and/or dismissed without prejudice in order to allow or further discovery upon which to adequately base defendants' opposition.

### Relief Under Rule 56(f)

16. The parties in this matter have engaged in limited discovery. Hence, there have been no depositions conducted, no expert testimony sought or obtained and no non-party discovery conducted.

17. As a result, the factual record is woefully incomplete and the defendant respectfully requests that the Court order, or at least allow time for, certain discovery to be conducted and exchanged between the parties and non-parties.

18. Specifically, in order to properly supplement and complete their opposition to the plaintiff's motion, defendant HFGB require the right to propound interrogatories on plaintiff. Moreover, defendants would likely need to conduct the deposition of plaintiff's representative Howard Berger in order to determine exactly what payments of money and transfer of stock were received by PROOF from defendant and the exact relationship between the plaintiff and New York and plaintiff's conduction of business in New York and the contacts plaintiff has with New York.

19. Further, defendant may wish to depose various non-parties involved in the transaction to obtain a complete picture of the transaction.

20. Also, non-party testimony of the party's transactional attorney may be required regarding the transfer of stock by defendant to plaintiff.

21. Without said discovery, the defendant is unable to properly oppose all of the plaintiff's allegations, including the primary allegations that defendant breached the promissory note.

### Documents And Exhibits Submitted in Opposition to Plaintiff's Motion

22. Attached and annexed as EXHIBIT D is a true and correct copy of the wire transfer made by HFGB to plaintiff.

23. Attached and annexed as EXHIBIT E is a table showing the payments made by HFGB.

24. Attached and annexed as EXHIBIT F is a true and correct copy of plaintiff's notice of deposition to defendant.

25. Attached and annexed as EXHIBIT G is a true and correct copy of defendant's subpoena served upon plaintiff's attorney Andrew Solomon, Esq. at Sullivan & Worcester.

26. Attached and annexed as EXHIBIT H is a true and correct copy of Andrew Solomon's letter in response to the subpoena.

27. Attached and annexed as EXHIBIT I is a true and correct copy of my response to Andrew Solomon's letter.

28. Attached and annexed as EXHIBIT J is a true and correct copy of defendant's notice of deposition to plaintiff.

29. Attached and annexed as EXHIBIT K is a true and correct copy of plaintiff's proposal to defer deposition discovery.

30. For all of the foregoing reasons, defendant HFGB respectfully request that the court deny plaintiff's motion for summary judgment in its entirety, or in the alternative, that the court grant defendant relief under Rule 56(f).

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
November 29, 2011

By: *Man Yam*
Man C. Yam (MY 6266)
Attorneys for Defendant
401 Broadway, Suite 1708
New York, NY 10013
(212) 219-7783