UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Docket No. 1:11-cv-4321(LAK)
PROFESSIONAL OFFSHORE OPPORTUNITY        ECF
FUND, LTD.,
                                 Plaintiff(s),

        -against-

HUIFENG BIO-PHARMACEUTICAL
TECHNOLOGY, INC.,
                                 Defendant(s)
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PERMIT BERNARD & YAM, LLP TO WITHDRAW AS COUNSEL

Bernard & Yam, LLP ("B&Y") submits this memorandum of law in support of its motion permitting B&Y to withdraw as counsel to defendant Huifeng Bio-pharmaceutical Technology, Inc. ("HFGB"). The reason for this request is HFGB's failure to pay B&Y legal bills and communicate with counsel.

For the reasons set forth below and the accompanying Declaration of Man C. Yam, Esq., (the "Yam Decl."), B&Y respectfully seeks the Court's permission to withdraw as HFGB's counsel of record in this case.

## BACKGROUND

As set forth in the Declaration of Man C. Yam, B&Y agreed to represent HFGB in this action only after HFGB agreed that it would promptly pay HFGB's invoices. (Yam Decl. ¶ 2). Despite that agreement, HFGB stopped paying B&Y for its legal services in January 2012. B&Y discussed its withdrawal from the case at that time with HFGB, but HFGB promised to pay, agreeing to a payment plan. (*Id*. at ¶ 3). Although HFGB does not dispute the fees owed and repeatedly promise to pay the outstanding invoices, HFGB has failed to pay B&Y's last three invoices, covering five months of work. (*Id* at ¶ 4). When asked about the money it owes B&Y

on this matter, HFGB has ignored the request for payment and indicated that it has no intention to pay. Numerous efforts to collect on outstanding invoices have been unsuccessful. The latest such effort to collect was on March 8, 2012. Since that time no one has been able to assure B&Y of payment for past or continuing legal services. (*Id* at ¶ 5) B&Y lawyers have made repeated attempts to contact HFGB's CEO, Mr. Jing'an Wang by telephone, most recently on April 18, 2012, but have been unable to communicate with him. He does not answer the calls and the voicemails left on the system has not been returned. B&Y has still not managed to have any direct contact with anyone from HFGB to give B&Y authorization to act on HFGB's behalf. (*Id* at ¶ 6). Moreover, B&Y has forwarded a copy of the MEMORANDUM AND ORDER granting Motion for Summary Judgment via electronic mail and Express mail to HFGB last known address. (*Id* at ¶ 7). Lastly, B&Y has informed the plaintiff's counsel of its intention to file and Order to Show Cause to withdraw as attorney. Plaintiff's attorney has advised B&Y that it will not oppose B&Y's motion to withdraw, but will oppose a stay on the case pending HFGB's retention of new counsel. (*Id.* at ¶ 16).

## ARGUMENT

### Withdrawal is Proper in this Case Due to HFGB's Failure to Pay Legal Fees

Under Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

It is well settled under Local Civil Rule 1.4 that a client's failures to pay legal fees constitute sufficient grounds for withdrawal as counsel.  See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *1(S.D.N.Y. Feb. 17, 2011) Promotica of Am., Inc. v. Johnson Grossfield, Inc., No. 98 Civ. 7414 (AJP), 2000 WL 424184, at *2 (S.D.N.Y. Apr. 18, 2000) ("[O]nly one ground need be shown" to support withdrawal; granting counsel for corporate defendant's motion to withdraw for failure to pay fees and the resultant "irreconcilable conflict of interest"); HCC, Inc. v. RH&M Mach. Co., No. 96 Civ. 4920 (PKL), 1998 WL 411313, at *1 (S.D.N.Y. Jul. 20, 1998) (granting counsel for corporate defendant's motion to withdraw for failure to pay fees)

The Yam Declaration sets forth sufficient grounds and withdrawal should be permitted. HFGB has failed to respond to B&Y communications and ceased paying B&Y's legal fees, and indicated that it has no intention to pay past fees, or any fees incurred in the future.  There is no dispute that HFGB owes fees and costs to B&Y for work performed on this case. Yam Decl. ¶ 4. HFGB has indicated that it has no present plan to pay B&Y the fees that are owed or any fees that will be incurred in the future.  Id at 5.

Accordingly, B&Y seeks permission to withdraw from the representation of HFBG in this case.

Rule 1.16(c)(7) of the New York Rules of Professional Conduct authorizes withdrawal when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."  Here, HFGB and its CEO, Jing'an Wang has refused to communicate with B&Y.  Yam Decl.  ¶ 6. This basis alone is sufficient to permit withdrawal. See Bio Hi-Tech Co., Ltd. v. Comax, Inc., No. 07 CV 2260(RRM)(CLP), 2008 WL 3849554, *2 (E.D.N.Y. Aug. 18,2008) (permitting withdrawal

where among other things the client has "failed to communicate with [counsel] [and] ha[s] not maintained contact" with counsel).

Local Civil Rule 1.4 also directs the Court to consider "the posture of the case, including the position, if any, on the calendar." At the present time, B&Y is not aware of any schedule of calendared future events in this case. On April 17, 2012, the Court issued a Memorandum and Order granting plaintiff's summary judgment motion. B&Y has forwarded a copy of the MEMORANDUM AND ORDER granting Motion for Summary Judgment via electronic mail and but has not heard back from anyone. (Yam Decl. ¶ 7).

Accordingly, HFGB would not be unduly prejudiced by retaining new counsel to represent them in the appeal of the subject litigation.

If B&Y is permitted to withdraw, B&Y respectfully requests that the Court allow HFGB 30 days to enter the appearance of successor counsel. Any prejudice to HFGB could be easily alleviated by a short 30-60 period to allow new counsel to get acquainted with the case. *See, e.g., H.C.C., Inc.,* 1998 WL 411313, at *1 (granting corporate defendant 30 days to find new counsel)*; Golden v Guar. Acceptance Capital Corp.,* No. 91 Civ. 2994 (CHT), 1993 WL 88191, at *2 (S.D.N.Y. Mar. 25, 1993) (granting corporate defendant 45 days to find new counsel).

## CONCLUSION

For the foregoing reasons, B&Y respectfully requests that the Court enter an order permitting B&Y to withdraw from its representation of HFGB in this action.

Dated: New York, New York
       April 25, 2012

BERNARD & YAM, LLP

By: /s/ Man Yam
Man C. Yam (MY 6266)